The State v. McCarver.

THE STATE v. McCARVER, *Plaintiff in Error.*

### Division Two, January 31, 1893.

1. **Criminal Practice:** APPEAL: COSTS OF TRANSCRIPT. Under Revised Statutes, 1889, sec. 4294, the clerk of the trial court is. required, on the application of the defendant in a criminal cause, to. make out, certify and return to the appellate court a full transcript of the record, and he cannot exact the payment of the costs of the transcript before doing so.

2. ————: LOSS OF EVIDENCE: NEW TRIAL. Where the clerk wrongfully refused to make and return the transcript, and the evidence was in the meantime lost without blame or fault of the defendant or his. attorneys, who made an honest but unsuccessful effort to supply the lost evidence, the supreme court will, to prevent a failure of justice,. reverse the judgment and direct a new trial.

*Error to St. Francois Circuit Court.*—HON. J. D. FOX,. Judge.

REVERSED AND REMANDED.

*Shaw, Ledbetter & Smith* for plaintiff in error.

(1) If the defendant did, by his attorneys, prepare and file in the office of the clerk of the circuit court of St. Francois county in due time, and as the law directs,. his bill of exceptions, including the evidence taken at. the trial of the cause, as he affirms he did, then he is legally entitled to the benefits thereof, in the review of his case by this court, unless it can be made to appear that he or his attorneys extracted the same from said office, and have it, or have misplaced it, lost or destroyed it. Bill of Rights, sec. 10; Revised Statutes,. 1889, secs. 4277, 4278; *State v. Reed,* 67 Mo. 36; *State v. Boogher,* 3 Mo. App. 448; *Miller v. Anheuser,*. 4 Mo. App. 436; *Cocker v. Cocker,* 56 Mo. 180..

(2) After the defendant had filed in the clerk's office his bill of exceptions, including the evidence taken in said cause, then it was his duty on the request of the defendant or his attorneys to make the transcript for this court, without demanding his fees in advance, and his not making it for such cause, and permitting the evidence to be lost, misplaced or destroyed, ought to be sufficient to reverse said cause. Revised Statutes, 1889, sec. 4294, also sec. 2257; *State v. Reed*, 67 Mo. 36; *State v. Boogher, supra.*

*R. F. Walker*, Attorney General, for the State.

SHERWOOD, J.—At the November term, 1887, of the St. Francois circuit court, the defendant was indicted for the murder of one George Stone.

At the May term, 1888, the defendant was put upon his trial, which resulted in his being convicted of murder in the second degree, his punishment being assessed at twenty-five years in the penitentiary; and, being sentenced in accordance with the verdict and judgment, is now confined in conformity to his sentence.

Before the incarceration of the defendant in the penitentiary, a motion for a new trial was filed and overruled, and upon proper steps taken, the defendant was granted an appeal to this court, and during the same term, with the consent of Merrill Pipkin, the then prosecuting attorney, leave was entered of record granting the defendant until August 1, 1888, to file his bill of exceptions, which was filed within time. This bill was in skeleton form, and with it was filed a typewritten copy of the evidence, prepared by the court stenographer. "Owing to defendant's poverty and inability to pay for the transcript for the supreme court, which was long," the circuit clerk, John C. Alexander, "declined and

refused to make the same until his fees therefor were paid or guaranteed to him, and in consequence thereof the appeal was not perfected." The endeavor to obtain the transcript, and the abandoning of the appeal in consequence of the refusal of the circuit clerk to make out the same, all occurred in the year 1888. During the two succeeding years nothing was done. Then the cause was brought to this court by a writ of error; but when it reached here it was discovered that the testimony in the cause did not accompany the skeleton bill. A writ of *certiorari* was then awarded to the lower court, which resulted in the discovery, after a diligent search in the clerk's office, that the typewritten copy of the testimony had been lost or stolen.

The stenographer having destroyed his notes, he could not reproduce the testimony. Thereupon and because of the facts aforesaid, the defendant moved this court to reverse the judgment and remand the cause. This motion was denied, but the cause was continued in order that an effort might be made to supply the missing record. Upon this ruling being made, the defendant's counsel endeavored to supply the record. They prepared as best they could a statement of the material portions of the testimony adduced at the trial; this they handed for inspection to Merrill Pipkin, the former prosecuting attorney, who agreed to its correctness except in two particulars, as to which changes were made. The statement thus prepared was submitted to the Hon. James D. Fox, now judge of the St. Francois circuit court, and judge of that court when the original bill of exceptions was filed. But Judge Fox upon inspection of the paper did not sign it; the substance of his reason for declining to do so is contained in the following indorsement made by him thereon:

"After having carefully examined said statement of the evidence and the addition thereto, made by the said Pipkin, I do decline and refuse to approve and sign the same as the testimony taken in said cause, for the reason that I do not and cannot call to mind the testimony given by the witnesses who were examined on the trial of this cause, that is, with any degree of certainty whatever, although I have endeavored to do so, and I could not now say what their evidence was in any particular, and to undertake at this remote period from the date of the trial to say what the evidence was would be on my part simply conjecture and guess work and I therefore shall decline to sign the same." There is no doubt from the affidavits now on file that the facts in regard to the filing of the original bill of exceptions are as heretofore stated, and that the typewritten copy of the evidence was either lost, destroyed or stolen from the files of the clerk's office, without any fault or negligence on the part of the defendant or of his counsel, and that they have made an honest and diligent effort to supply the record of the testimony, thus unfortunately missing.

Under the provisions of section 4294, Revised Statutes, 1889, the clerk was required on the application of the defendant to make out, certify and return a full transcript of the record, etc., in the cause, and he had no authority to require the costs of the transcript in advance. His excuse, therefore, in not making out the transcript, which excuse has been hereinbefore quoted respecting the poverty and inability of the defendant to pay for the much-needed transcript was not a legal excuse; and the unwarranted delay caused by the refusal of the clerk to do his duty in the premises may have contributed somewhat to the abstraction, loss or theft of the instrument in question. But, however that may be, the defendant and his counsel

are free from fault, and, having appealed to this court, he had, and has a right to be heard in this court, which is "open to every person" regardless of their financial standing or inability to pay for the transcripts in their causes.    Bill of Rights, sec. 10.

In any ordinary case we should have great hesitancy in reversing a judgment on account of such a defect in the record as is here presented; but being fully satisfied that the defendant is entirely without negligence or blame in the matter and has made honest efforts to remedy a defect which unremedied would cause our affirmance of the judgment, without giving him an opportunity to be heard on the merits, we feel constrained, in order that right and justice may be done, and a grievous wrong perhaps averted, to reverse the judgment and remand the cause.    All concur.