State v. Thompson.

The State v. Thompson, *Appellant.*

Division Two, November 19, 1895.

1. **Practice**: BILL OF EXCEPTIONS: DEATH OF STENOGRAPHER: PRESERVING TESTIMONY: REMANDING CAUSE. Where a stenographer was unable to transcribe his notes, taken on a criminal trial, because of illness resulting in death, it was the duty of defendant's counsel to preserve the evidence from memory or by calling on witnesses who testified at the trial, and have it inserted in the bill of exceptions, and failure to so preserve the evidence is no ground for reversing the judgment and remanding the cause for another trial.

2. **Practice in Supreme Court**: BILL OF EXCEPTIONS. Where no bill of exceptions has been filed, and there is no error in the record proper, the judgment will be affirmed on appeal.

*Appeal from Bollinger Circuit Court.*—Hon. James D. Fox, Judge.

Affirmed.

*J. W. Caldwell* and *William N. Nalle* for appellant.

*R. F. Walker,* attorney general, for the state.

The defendants have filed no bill of exceptions; although the record recites that one has been filed, yet there is none in the record bearing the signature of the circuit judge, as is required. Although the defendants attempted to incorporate an alleged bill of exceptions in the record which recites the filing of the motion for new trial and in arrest, and the action of the court in overruling both of such motions, yet no exceptions were taken or saved when the said motions were overruled. Hence there is nothing for consideration here, except such error as may be found in the record proper. *State v. Gilmore,* 110 Mo. 7; *Taylor v. Switzler,* 110 Mo. 411; *Wilson v. Haxby,* 76 Mo. 345; *McIrvine v. Thomp-*

*son*, 81 Mo. 648; *State v. Hitchcock*, 86 Mo. 231; *St. Joseph v. Ensworth*, 65 Mo. 628; *State v. Burkhart*, 83 Mo. 433; *State v. McDonald*, 85 Mo. 539; *State v. Pints*, 64 Mo. 617; *Bateson v. Clark*, 37 Mo. 31.

SHERWOOD, J.—Defendant was convicted of assault with intent to maim one Richardson, and, sentenced to pay a fine of $100 and to be confined for six months in jail, appeals to this court.

The evidence has not been preserved in the bill of exceptions, the stenographer having died about a month after the trial without having transcribed his notes, owing to a long illness beginning soon after circuit court adjourned, and continuing down to the time of his death, and no one else can translate the stenographer's notes of the evidence.

Upon these grounds, and upon the further ground that no other notes of the evidence were taken, either by defendant's or other counsel in the cause, we are moved, on behalf of defendant, to reverse the judgment and remand the cause.

This we can not do. Notwithstanding the sickness of the stenographer, there was nothing to prevent defendant's counsel to have remembered and written down the substance, at least, of the testimony and have the same inserted in the bill of exceptions, because it is evident the evidence could not have been lengthy, and due diligence required of them when discovering the stenographer was dangerously ill, to have preserved the evidence in some way. This might have been done if their memory failed, by calling on the witnesses who had testified at the trial. *Whitmore v. Coates*, 14 Mo. 9.

This case does not resemble, in any particular, that of *State v. McCarver*, 113 Mo. 602.

As no evidence has been preserved, and there is no error in the record proper, judgment is affirmed. All concur.