DAVIS, Respondent, v. ROBINSON et al., Appellants.

St. Louis Court of Appeals, May 28, 1907.

1. **DEFAULT: Plea to the Jurisdiction and to the Merits: Jurisdiction.** Where a defendant in his answer to an action for damages tendered an issue of fact on the merits and also denied the jurisdiction of the court over his person, both such issues were properly stated in one answer, were properly triable at the same time and a judgment rendered for the plaintiff on the merits, when the defendant failed to appear, was not a judgment by default nor prematurely rendered.

2. ——: **Trial Term.** Under section 597, Revised Statutes of 1899, amended by Act of 1901 (Laws of 1901, page 86), in a county having less than forty thousand inhabitants, where a defendant was served with process more than thirty days before the first day of the term to which the summons was returnable, and where at such term a change of venue was awarded to another county and the transcript of the cause reached such other county ten days before the first day of the succeeding term in that county, the case was triable at that succeeding term.

3. ——: **Vacating Judgment After Term.** It is only errors affecting the validity and regularity of the proceeding for which a judgment may be set aside on motion at a term subsequent to the rendition of the judgment; a court will not on motion at a subsequent term set aside a judgment rendered against the defendant in his absence at such term on the ground that he was unavoidably detained by sickness and his attorney negligently failed to present his application for continuance.

4. ——: ——: **Equitable Relief.** A court will vacate a judgment rendered at a preceding term on equitable grounds only upon a trial of a cause brought by a bill in equity. A motion is not the proper remedy.

Appeal from Stone Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*R. A. Mooneyham* and *W. A. Gardner* for appellant.

(1) "No rightful jurisdiction of a party can be acquired by fraud or misrepresentation, and if the per-

son so proceeded against, brings it properly to the attention of the court assuming jurisdiction over him, as the defendant did in this case, the suit must be dismissed after proof or admission of the facts." Byler v. Jones, 79 Mo. 263; Bank v. Knox, 47 Mo. 334; Graham v. Ringo, 67 Mo. 324; Christian v. Williams, 111 Mo. 429; Roberts v. Stone, 99 Mo. App. 425; Hodkins v. McGee, 23 Mo. 312. (2) A judgment of the circuit court may set aside for irregularity on motion filed in the came court within three years after its rendition. Reed Bros. v. Nicholson, 93 Mo. App. 20; R. S. 1899, sec. 795; Stacker v. Cooper, 25 Mo. 401; Harbor v. Railroad, 32 Mo. 423; Bursch v. Weisberger, 44 Mo. App. 506. (3) An irregularity has been defined to be a want of adherence to some prescribed rule of proceeding and it consists either of omitting to do something for the due and properly conducting of a suit, or doing it at an unreasonable time or improper manner. Branstetter v. Rivers, 34 Mo. 321; Clowser v. Noland, 72 Mo. App. 217.

*R. H. Davis pro se.*

(1) Courts have no power, on motion, after the term has adjourned to vacate or set aside judgments except for errors patent of record. State ex rel. v. Walls, 113 Mo. 45; Hall v. Lane, 123 Mo. 633. (2) There can not be a trial upon plea to jurisdiction, and then a trial upon the merits. Meyer v. Insurance Co., 184 Mo. 488; Newcomb v. Railroad, 182 Mo. 687; Hoffman v. Lowden, 96 App. 191; State ex inf. v. Vallins, 140 Mo. 536; Cohn v. Lehman, 93 Mo. 574.

BLAND, P. J.—The action was for printing and publishing a libel and was brought in the circuit court of Lawrence county, where plaintiff and defendant R. Rosenthal resided. Defendant Robinson resided in Greene county and was the proprietor of the newspaper in which the libel was published. Summons was issued to

Rosenthal to the sheriff of Lawrence county, and to
Robinson to the sheriff of Greene county, both made
returnable to 'he March term, 1905, of the Lawrence
Circuit Court, and were personally served on both de-
fendants more than thirty days before the first day of
said term. Rosenthal appeared at said term and filed
his answer, which was a general denial, and also his
application for a change of venue. Robinson appeared
by his attorney, J. H. Pratt, Esq., and filed a plea to
the jurisdiction of the court over his person, alleging,
in substance, that Rosenthal had no connection with
and was not responsible for the publication of the libel,
but that he (Robinson) was the owner of the periodical
in which the libel was published and he alone was re-
sponsible for its publication, and that Rosenthal was
joined as a codefendant by plaintiff for the fraudulent
purpose of obtaining jurisdiction over his person, but
filed no answer or other pleading. The application of
Rosenthal for a change of venue was granted and the
venue awarded to Stone county. In due course a tran-
script of the record and the papers not forming a part
of the record were transmitted to the clerk of the Stone
Circuit Court, and the cause was docketed for hearing
at the regular October term, 1905, of said court. Plain-
tiff and defendant Rosenthal appeared at said term but
defendant Robinson was not present in person or by
attorney. The cause coming on for hearing, plaintiff
dismissed his suit as to Rosenthal and the cause was
submitted to the court (as the judgment recites) upon
the pleadings and evidence adduced by plaintiff upon
and from which the court found "that it is not true, as
alleged in the plea of the defendant U. G. Robinson,
that the defendant R. Rosenthal was made a party to
this suit for the purpose of acquiring jurisdiction over
the person of the defendant, U. G. Robinson, but that it
is true that plaintiff has a joint cause of action against
said Rosenthal and said Robinson;" and also found that

Rosenthal and Robinson jointly composed and published the article complained of in plaintiff's petition and were jointly liable on account thereof. The court found the article libelous, that it was false and malicious, and assessed plaintiff's actual damages at two thousand dollars and punitive damages at two thousand dollars. No motion for new trial or in arrest was filed at this term. At the next regular term (February, 1906) defendant Robinson filed his motion in review and to vacate the judgment. The motion, for the purpose of the discussion, may be divided into three parts or heads: First, it alleges the judgment was by default and that it was prematurely rendered; second, the defendant was unavoidably kept away from the October term on account of personal illness and used due diligence to procure a continuance on account of his illness; third, that he has a valid defense to the plaintiff's cause of action, which he was unavoidably prevented from making at the October term, and in furtherance of justice the court should exercise its equitable powers by vacating the judgment and affording defendant an opportunity to make his defense. The facts stated in the motion, dehors the record, are supported by the affidavits of the defendant, his physician and his attorney of record. The motion was overruled and defendant appealed.

1. The judgment was not by default. Robinson's plea to the jurisdiction of the court over his person and the denial thereof filed by plaintiff tendered an issue of fact to be tried on the trial of the merits, and which was actually tried and found against the defendant as shown by the recitals of the judgment. All the issues of fact raised by the pleadings in a law case must be tried at one time and by the same jury, and all the defenses which the defendant has should be stated in one answer. [Meyer v. Ins. Co., 184 Mo. l. c. 488, 83 S. W. 479; McNamara v. Transit Co., 182 Mo. l. c. 682, 81 S. W. 880; State ex inf. v. Vallins, 140 Mo. l. c. 535-6, 41

S. W. 887; Hoffman v. Loudon, 96 Mo. App. l. c. 191, 70 S. W. 162.] The judgment was not prematurely rendered. Defendant Robinson was personally served with process January 4, 1905, to appear at the following March term of the Lawrence Circuit Court.

Section 597, Revised Statutes 1899, as amended by the Act of 1901 (Laws of 1901, p. 86) in respect to counties having forty thousand inhabitants or under (to which class Lawrence county belongs) provides: "That in all counties having forty thousand inhabitants, or less than that number, every defendant who shall be summoned or notified according to the provisions of this chapter shall demur to or answer the petition on or before the first day of the term at which he is required to appear, unless further time be given by the court; and in all cases wherein the defendant has been served with process or notified thirty days before the first day of the term at which he is required to appear, and in all cases where the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property and the defendant has been served with process, as aforesaid, he shall demur to or answer the petition on or before the first day of the term, unless longer time be granted by the court." The service of summons on defendant having been made more than thirty days before the first day of the March term of the Lawrence Circuit Court, the cause was triable at that term and doubtless would have been tried but for the award of the change of venue on the petition of defendant Rosenthal. The transcript reached the office of the clerk of the circuit court of Stone county more than ten days before the first day of the February, 1906, term of the said court and the cause was therefore triable at said term. [R. S. 1899, sec. 826.]

2. In respect to the second ground of the motion, the affidavits filed in support show defendant was sick before, during and some days after the October term of

the Stone Circuit Court and on this account was unable to attend said court; that his attending physician made affidavit to the fact of defendant's sickness and inability to attend said court and forwarded it by mail to J. H. Pratt, Esq., defendant's attorney, who resided at Neosho, Missouri; that Pratt received the affidavit and forwarded it by mail to the judge of the Stone Circuit Court in time for it to reach him before the first day of said court but it was lost in the mail. Mr. Pratt did not attend court and no application was filed by defendant, or by any one for him, for a continuance and there is no evidence showing that plaintiff, or his attorney or the court, knew of defendant's sickness. At common law an error of fact in respect to a matter affecting the validity and regularity of the proceedings in the same court where the judgment was rendered and the record is, when the error assigned was not for any fault of the court, was corrected by the writ of *coram nobis;* in modern practice the office of the writ has been superseded by applying to the court by motion. It is only such errors of fact as affect the validity and regularity of the proceedings that may be corrected at a term subsequent to the rendition of the judgment, as where an infant appears by attorney and not by guardian, or where the defendant is dead or insane at the time of the trial, or when the judgment is against a married woman, or one under age has been sent to the penitentiary, and these issues were not called up at the trial. [Howard v. State, 58 Ark. 229; Dugan v. Scott, 37 Mo. App. l. c. 670.] A party cannot have this relief by having the court do what he himself should have done at or before the trial, or relieve him from the consequences of his own or his attorney's negligence; for instance, to apply for a continuance when he was entitled to it. On the showing made by the motion and affidavits filed in support, defendant had good grounds for a continuance of the cause at the time when the judgment was rendered

against him; but he did not apply for it and cannot now be heard to complain that the court rendered the judgment against him in his absence and when he was too sick to be present at the trial.

3. In regard to the equitable grounds set forth in the motion to have the judgment vacated, suffice it to say that equitable relief against a judgment at law can only be granted upon a trial on a petition in equity. [Phillips et al. v. Evans et al., 64 Mo. l. c. 23.] The motion to vacate the judgment, we think, was properly overruled and affirm the judgment. *Nortoni, J.,* concurs. *Goode, J.,* not sitting.