## E. W. GRAVES v. STEPHEN M. CHAPMAN et al., Appellants.

Division One, March 29, 1912.

1. **BILL OF EXCEPTIONS: Lost: Substitution.** The purported bill of exceptions substituted in lieu of the original which has been lost or destroyed, should be something more than calls for the oral testimony of witnesses. It should at least contain their names, and the substance of their testimony.

2. ——: ——: ——: **Copy: Legal Conclusion.** A statement by counsel that because the original bill of exceptions and the stenographer's notes were lost or destroyed he has been unable to supply a copy thereof, is simply the statement of a legal conclusion and not of the facts by which the court could determine whether such copy could be reproduced. Appellant should make an honest effort to supply a substantial copy of the lost bill or the substance of the testimony.

3. ——: ——: **New Trial: Negligence of Counsel and Clerk.** Respondent should not be penalized by another trial, and its uncertainty, because of the negligence and carelessness of counsel for appellant, or the misconduct of the clerk in permitting counsel for other defendants to remove the bill of exceptions from his office and to retain them for years without inquiry as to their safety or whereabouts.

4. ——: ——: ——: **Deceased and Scattered Witnesses.** It would be unjust to respondent to grant appellant a new trial after the witnesses are scattered or dead, simply because the bill of exceptions, through no fault of respondent, has been lost or destroyed.

5. ——: ——: ——: **Status Quo.** A new trial because of a loss of the original bill of exceptions should not be granted where the parties at a new trial would not be in *statu quo*, and where appellant permitted three years to elapse after the bill was lost or destroyed without making any effort to supply it.

Appeal from Butler Circuit Court —*Hon. J. C. Sheppard,* Judge.

MOTION TO REVERSE AND REMAND DENIED.

*Ernest A. Green* for appellant.

*D. W. Hill* for respondent.

WOODSON, J.—This suit was instituted in the circuit court of Butler county, some time prior to January 1, 1907, by the plaintiff against the defendant, under section 650, Revised Statutes 1899, to quiet the title to one hundred and twenty acres of land situated in said county.

Service was had upon all the defendants and all of them except the National Iron Mining Company, Isaac Luke and J. P. Thomas, made default, and in due time judgment went accordingly against them. The defendants just named answered and filed a cross-bill, but we are not informed as to its nature or contents.

On January 24, 1908, and during the January term of the court, a trial of the cause was had, and after the plaintiff introduced his evidence in chief, he dismissed the cause as to the three defendants before named, whereupon they introduced evidence in support of their cross-bill. The court then took the case under advisement until the next term, and on April 19, 1908, it rendered judgment by default against the non-answering defendants in favor of the plaintiff, and found the issues in favor of the plaintiff against the answering defendants on their cross-bill, and rendered judgment accordingly.

In due time they filed their motions for a new trial, which were by the court overruled.

They then duly appealed the cause to this court, and presented to the trial court their bill of exceptions,

which was by the court signed, sealed and in due time made a part of the record.

As will more fully appear hereafter, the bill of exceptions and other files in the case were lost or destroyed. On November 10, 1911, the appellants presented to the trial court a substitute bill of exceptions and moved the court for leave to file it in lieu of the lost one, which the court refused to do because it was not a substantial copy of the original bill.

On December 23, 1911, the appellant company filed in this court a motion to reverse the judgment of the circuit court, and to remand the cause for a new trial.

Since there is nothing before this court, except a short transcript of the judgment, etc. (which is irrelevant to the question here presented), and the motion to reverse and remand, with respondent's suggestions in opposition thereto, it becomes necessary to copy the two latter for the reason that they serve not only the functions of a motion and suggestions in opposition thereto, but also contain the statement of the record facts upon which they are predicated. In other words, they constitute the petition and answer in the case, the affidavits in support thereof, as well as the motion and the suggestions in opposition.

The motion, which is duly verified, is as follows (formal parts omitted):

"Now comes the National Iron Mining Company, a corporation, one of the above named appellants, and respectfully makes known and shows to the court the following, to-wit:

"That this is an action commenced by the plaintiff, in the circuit court of Butler county, Missouri, against this appellant as well as several other defendants, to quiet title to one hundred and twenty acres of land in Butler county, Missouri; that said land is of great value by reason of there being located thereupon an iron mine in which extensive mining opera-

.tions have been carried on by this appellant and defendants for several years; that the exact value of said land is unknown by reason of the exact quantity of iron ore to be found upon said land being unknown; that this action came on for trial on Friday, the 24th day of January, 1908, and the 16th day of the regular January term, 1908, of the Butler County Circuit Court; and that before the close of plaintiff's evidence, the plaintiff by leave of court dismissed his petition herein as to this appellant, National Iron Mining Company, and this cause was submitted to the court upon the cross-bill of this appellant, as well as other answering defendants, and that upon the conclusion of the trial of said cause, on the 24th day of January, 1908, the same was taken under advisement by the circuit court of Butler county, Missouri, and thereafter, to-wit, on the 11th day of May, 1908, and the 19th day of the regular April term, 1908, of the Butler County Circuit Court, a judgment was rendered herein, quieting the title of plaintiff to all of the land described in his petition, said judgment being rendered against all of the defaulting defendants, upon plaintiff's original petition, and said judgment being rendered in favor of the plaintiff as against this appellant and other answering defendants upon their respective cross-bills.

"And this appellant, National Iron Mining Company, respectfully makes known to the court, that on the same date as the rendition of judgment against it, this appellant, as well as its codefendants, Isaac Luke, and J. P. Thomas, filed their motion for a new trial in said cause, and also their motion in arrest of judgment in said cause; that said motion for a new trial and motion in arrest of judgment coming on to be heard on said 11th day of May, 1908, the same were in all things overruled by the court. To which action of the circuit court in overruling its motion for a new trial and also its motion in arrest of judgment, this

appellant, National Iron Mining Company, duly objected and excepted.

"That thereupon, on the same, to-wit, the 11th day of May, 1908, and the 19th day of the regular April term, 1908, of the Butler County Circuit Court, this appellant filed its application and affidavit in due form for an appeal herein, and an appeal was granted by said court to this court, and that this appellant was further granted ninety days from said 11th day of May, 1908, in which to perfect and file its bill of exceptions in this cause.

"And this appellant states that thereafter, to-wit, on the 15th day of July, 1908, this appellant, together with its codefendants Isaac Luke and J. P. Thomas, presented its bill of exceptions to Hon. J. C. Sheppard, judge of the circuit court of Butler county, Missouri, and the judge who tried said cause, and prayed that the same might be signed and sealed as such; which was accordingly done on said 15th day of July, 1908, by said judge of the circuit court of Butler county, Missouri.

"That thereafter, to-wit, on said 15th day of July, 1908, the bill of exceptions of the appellant National Iron Mining Company was filed in the office of the circuit clerk of Butler county, Missouri, and accordingly made a part of the files in said cause.

"And this appellant respectfully makes known and shows to the court that thereafter, to-wit, on or about the 10th day of June, 1909, one W. H. Meredith, an attorney at law, located at that time in the city of Poplar Bluff, Missouri, but now located in the city of Port Orford, in the State of Oregon, went to the office of the circuit clerk of Butler county, Missouri, and acting as attorney for one of the defendants in this case, namely, one S. M. Chapman, procured from said circuit clerk all of the papers, files, and bill of exceptions in this cause; that said attorney, W. H. Meredith, took said files, papers and this appellant's bill

of exceptions to his law office in the city of Poplar Bluff where he was making use of said papers, files and bill of exceptions; that while said papers were in his possession, there was a large fire occurred in the city of Poplar Bluff, which in all probability destroyed all of the papers, files and the bill of exceptions of this appellant in said cause.

"And this appellant makes known and states to, the court that there are no papers, files or bill of exceptions, or anything pertaining to this case, now remaining in the office of the circuit clerk of Butler county, Missouri, and that the only memorandum which said circuit clerk has in his office, pertaining to this case, is the receipt given by the said W. H. Meredith for said papers, files and said bill of exceptions.

"And this appellant respectfully makes known and shows to the court that the stenographer's notes taken at the time of the trial of said cause, by R. B. Herrington, who was then the official court stenographer of the Butler County Circuit Court, have been lost, misplaced or destroyed and that there is no way by which this appellant can perfect the record in this case.

"And this appellant states and makes known to the court that it has endeavored to supply the papers, files and bill of exceptions in said cause, but has been unable to so do; that on the 10th day of November, 1911, this appellant presented to the honorable circuit court of Butler county, Missouri, its application praying that it might be permitted to supply the papers, files and bill of exceptions in said cause; but that said circuit court of Butler county, Missouri, refused said permission to this appellant, because the notes of said stenographer, taken upon the trial of said cause, could not be found and said court was not firmly convinced as to the correctness of the proposed supply bill of exceptions.

"And this appellant makes known and states to the honorable court that all of the matters hereinbefore set forth are fully verified by the attached affidavits of W. H. Meredith, the attorney who took said papers from the office of the clerk of the Butler County Circuit Court; of William McGuire, circuit clerk of Butler county, Missouri; R. B. Herrington, former court reporter of the Butler County Circuit Court; and Hon. J. C. Sheppard, judge of the Butler County Circuit Court; as well as by the affidavit of the attorneys for this appellant.

"And this appellant makes known and states to the court that, if this cause should be reversed and remanded, this cause could be retried without any difficulty; all of the testimony again submitted to the court and this matter again brought before this court for review.

"This appellant further represents and states to the court that, unless said cause is reversed and remanded to the end that the same may be retried, this appellant will suffer a gross injustice, by reason of the fact that it will not only suffer the loss of the real estate involved in this action, but will also be compelled to pay large and heavy sums of money for the iron ore which it has taken from said land, and for which an action of ejectment and trespass is now pending in the Butler County Circuit Court, awaiting the final termination of this action.

"And this appellant further makes known and states to your honorable court, that it has prosecuted its appeal with all due diligence and in perfect good faith, believing that it has a meritorious appeal and that it is the actual owner of the minerals and mineral rights, including all the iron ore found under the surface of the lands in controversy herein.

"And this appellant respectfully calls the court's attention to the attached affidavit of the Hon. Jesse C. Sheppard, who states therein that he has good cause

Graves v. Chapman.

to believe and does believe that there are reasonable grounds for review of his action in passing upon this case.

"And this appellant respectfully states and further makes known to this court, that it is through no fault of this appellant or its counsel, and through no lack of diligence on its part, that said papers have been lost, burned up or destroyed; but it earnestly prays the court that this cause may be reversed and remanded to the end that full justice may be done to it, as well as to the other parties to this action, and that it may have an opportunity to submit to this court its rights in the premises.

"This appellant does not submit this motion in the light of any precedents heretofore established, but merely with the belief that the only aim of this court is to secure substantial justice to all litigants appearing before it, and with that end in view it submits herewith its motion and application, praying that this cause may be reversed and remanded to the end that substantial justice, and that alone, may be done to this appellant, respondent herein, and its co-defendants."

Respondent's suggestions in opposition to the motion to reverse and remand, which is also duly verified, are as follows (formal parts omitted):

"Now at this time comes the respondent in the above entitled cause and suggests that the motion filed by the appellants to reverse the judgment and remand this cause should be denied for the following reasons:

"1st. Because the motion filed by the appellants on its face shows that the appellants are guilty of laches or negligence in perfecting their appeal in this: It is shown by said motion that their bill of exceptions remained on file in the circuit clerk's office from July 15, 1908, until the 10th day of June, 1909, which af-

forded reasonable and ample time in which appellants could have prepared a full transcript or abstract in lieu thereof.

"2nd. Because the appellants are guilty of negligence in failing to file a timely motion to remand this cause—said motion having been served on the respondent for the first time on November 28, 1911; while the fire which is supposed to have destroyed the bill of exceptions in this case occurred on the 5th day of September, 1909.

"3rd. Because the appellants are guilty of negligence in not discovering the loss of the bill of exceptions until more than three and one half years after the final judgment was rendered in the trial court, or were guilty of negligence in not filing a timely motion after the discovery of the loss of the bill of exceptions.

"4th. Because on or about the 27th day of February, 1909, the defendant Stephen M. Chapman died, and although he was a defendant, he was one of the most important witnesses for the respondent; and the respondent knows of no one by whom he could establish all the facts which were known to the defendant Stephen M. Chapman.

"5th. Because a new trial of this case would involve considerable expense in taking the testimony of Addison F. Burns, an important witness for respondent, in Washington county, Pennsylvania, if he is living; that the respondent is informed and believes that the said Addison F. Burns is very old and feeble.

"6th. Because this respondent should not be penalized by the imposition of a new trial, as a result of the negligence of the official stenographer in losing or misplacing his stenographic notes.

"7th. Because this respondent should not be penalized by the imposition of a new trial because of the negligence of the circuit clerk in losing or misplacing the official stenographer's stenographic notes if they were ever deposited with him.

"8th. Because this respondent should not be penalized by the imposition of a new trial as a result of the negligence of the circuit clerk in permitting the bill of exceptions to remain out of his office from the 10th day of June, 1909, until the 5th day of September, 1909, when they were probably destroyed by fire; and in this connection respondent calls the attention of this court to the case of Redway v. Chapman, 48 Mo. 218, and Dameron v. Harvey, 23 Mo. App. 197.

"9th. Because this respondent should not be penalized by the imposition of a new trial as a result of the negligence of the attorney for the appellants in losing their copy of the bill of exceptions, or in failing to provide himself with a copy of such bill of exceptions.

"10th. Because this bill of exceptions has been lost, burned or misplaced as a result of the fault of Mr. W. H. Meredith, who was the attorney for the defendant Chapman, or William Ferguson, who was president of the National Iron Mining Company, as shown by the following correspondence:

" 'December 11, 1911.
" 'MR. W. H. MEREDITH,
          Port Orford, Curry Co., Oregon.
" 'Dear Sir:
     " 'I have before me your affidavit made on the 15th day of November, 1911, regarding the loss of the bill of exceptions in the case of E. W. Graves, plaintiff, v. The National Iron Mining Co. et al., and in view of the fact that your memory seems a bit hazy about whom you were representing I want to refresh your recollection as to some of the facts:
     " 'You state in your affidavit that you took this bill of exceptions from the clerk's office while you were associated with Mr. Chapman, but you must bear in mind that this case had already been decided against Mr. Chapman—he had taken no appeal, and,

as I understand from another source, you were in fact investigating these papers on behalf and as attorney for William Ferguson.

" 'Now, please write me, by return mail, stating the exact facts. I enclose stamp for reply.

" 'Wishing you unbounded success in your new field, I am,

" 'Yours truly,    DAVID W. HILL.'

" 'Imperial Hotel,·

" 'Portland, Ore., Dec. 25, 1911.

" 'MR. DAVID W. HILL,

Poplar Bluff, Mo.

" 'My dear Hill:

" 'Your letter of the 11th inst. has just been forwarded to me here. I have been away from home two weeks on a suit and business matters for our Port, so did not receive your letter sooner.

" 'As to the case of Graves v· National Iron Mining Co. et al. my memory is hazy in the matter, and I could not positively say now who I was representing when I took those papers from the clerk's office. I know that I did have some consultation with Wm. Ferguson relative to some of those mining cases, and it might have been that I was investigating the case in his behalf when I had those papers. I did not remember having them until Mr. Green wrote me that he found my receipt for them in the clerk's office, and wanted me to look among my papers and see if I had them. I knew from the date of the receipt that the papers must have been in my office at the time of the fire, and did have some recollection of having gotten them. I know nothing of the merits of the controversy between your Mr. Green's clients, and do not wish to make any statement about which I am uncertain that will affect the case. I only know that if I had those papers and left my receipt for them, as stated, I have not got them now and they must have

been destroyed in the fire. Whether I was at that time investigating them for Chapman or Ferguson, I do not know.

" 'Sincerely yours, W. H. MEREDITH.'

"And in this connection the court's attention is called to the fact that at the time Mr. Meredith took the bill of exceptions from the clerk's office, judgment had already been rendered against the defendant Chap- man, who took no appeal.

"11th. Because the alleged attempt on the part of the appellants to supply the bill of exceptions in the trial court was apparently not serious but perfunc- tory, and made solely for the purpose of having a seemingly plausible basis upon which to base a motion to reverse and remand; and in support of this con- tention of respondent, he herewith presents a copy of the proposed supply bill of exceptions, which the ap- pellants presented to the trial court and which was held to be insufficient on November 10, 1911, which copy is marked 'Exhibit A' and make a part of these suggestions; and in this connection the court's at- tention is called to the statement of the testimony of Isaac Luke, as appears on page 9 of Exhibit A, which is in direct conflict with the statement of the appel- lants' attorney, W. N. Barron, as contained in his brief presented to the trial court, which we quote as follows:

" 'The defendants Luke and the Mining Company have shown a possession of part of the tract for up- wards of ten years and a continuous possession for more than *seven years* under claim and color of title to all of the land in controversy. This possession of the two defendants named *fails to constitute per- fect title* to the property in suit only by reason of *not having existed for the full statutory period of ten years.'*

"Thus, it will be seen that the National Mining company is nothing more nor less than a trespasser when we consider this statement in connection with the deed from Samuel Petersberger to Isaac Luke, under whom the National Iron Mining company claims —this deed being dated November 2, 1900, as appears on page 9 of said exhibit A; while exhibit A shows that the same Petersberger had years and years before that time conveyed this land to parties under whom respondent claims. All of which absolutely refutes the statement made by appellants that they believe they own the land in suit and have a meritorious appeal; and in this connection the court's attention is called to the fact that in this proposed supply bill of exceptions the oral testimony of only one witness purports to be given, while in truth and in fact four or five witnesses testified orally—among them, as respondent's attorney remembers, being W. I. Hooper, E. W. Graves, S. M. Chapman and others. All of which respondent respectfully submits conclusively shows that the attempt to supply the bill of exceptions was perfunctory and not serious.

"12th. Because the appellant National Iron Mining Company should not, under the existing circumstances, be permitted to escape the judgment of the trial court for the purpose of defeating the ejectment suit of the respondent now pending for the recovery of the value of the iron ore, which the said Mining Company caused to be taken from the land in suit since it was adjudged to have no title or interest therein.

"13th. Because the *ex parte* affidavit of the trial judge should not be permitted to overturn a solemn decree rendered in favor of respondent after a fair trial and a full investigation of the authorities, and after that decree had been further approved by the trial court by the overruling of the appellants' motion for a new trial. At the time the trial court rendered

the decision and passed on the motion for a new trial, the facts and the law were certainly better fixed in the mind of the court than they were at the time he made the ex parte affidavit in November, 1911, more than three and one-half' years after the trial of this cause. To reverse a solemn decision of the chancellor on such ex parte affidavits as are filed in this case would be setting a dangerous precedent for the future.

"14th. Because Rule 16 of this court contains no exceptions, and the appellants having failed with Rules 11, 12, 13, and 15, appellants' motion to reverse and remand should be denied and the respondent's motion to dismiss the appeal should be sustained.

"15th. Because it is not even suggested that respondent or his counsel have been at fault or negligent regarding the loss of the papers in question."

There is attached to the respondent's suggestions in opposition to the motion a copy of the bill of exceptions,. presented by counsel for appellant to the circuit court, which he moved to be substituted for and in lieu of the original. and lost bill.

Counsel for appellant cites no authority in support of this extraordinary motion and frankly admits that he knows of none which lends support to his prayer.

After as careful a consideration of the question presented, as we are able to make from the meagre facts before us, we are of the opinion that the motion should be denied for several reasons:

(a) From an inspection of the copy of the bill of exceptions presented to the circuit court for substitution in lieu of the original, it is perfectly apparent upon its face that it is in no sense a correct copy of the original.

Quite frequently we find in our reports the words "skeleton bill of exceptions," or some equivalent words, but the copy which in this case was presented to the circuit court for substitution is the first perfect skeleton of that character which has ever come

under my observation. It is in truth and fact a skeleton bill, with no flesh or sinews or other foreign substance whatever contained in it. Nothing but numerous "calls for" tied together only with the paper upon which they are written.

It appears that there were a number of witnesses, some six or eight, who testified orally at the trial, in open court. Neither their names nor their testimony was attempted to be set out, or stated therein, with the exception of one witness, and his testimony is so brief and meagre as to be almost unintelligible.

It should be borne in mind that the respondent, and not the appellant, presented to this court the so called bill of exceptions, which the latter presented to the circuit court for substitution.

Counsel who represents appellant in this court had nothing to do with the trial of the cause in the circuit court, the appeal, or with the so-called bill of exceptions offered to be filed in the cause, and is not therefore responsible for any of the acts of negligence mentioned in this opinion.

(b)   There is no showing made to this court, that said copy of the bill of exceptions so presented to the circuit court was a copy of the original bill which was lost or destroyed; and by carefully reading the appellant's motion to reverse the judgment, it will be seen that counsel does not state that respondent made an honest effort to supply a substantial copy of the lost bill, but contents himself with the statement that because the original bill of exceptions and the stenographer's notes were lost or destroyed, he has been unable to supply a copy thereof. That is simply stating a conclusion and not the facts from which this court, or the circuit court could determine whether or not a copy of the bill could be produced.

Up to a few years ago, all bills of exceptions were prepared by counsel, without the assistance of a stenographer or his notes, and we are unable to see

why such a thing may not be done at this day.  Clearly
it would be no more difficult to prepare a copy of the
original without the stenographer's notes, than it
would be to prepare the original itself.  But be that
as it may, we would not be justified in the absence of
some additional showing in holding that counsel could
not prepare a copy of a long bill of exceptions, simply
because the stenographer's notes had been misplaced.

There is no showing made here nor was there
such made to the circuit court, that the lost bill was
lengthy, that the evidence introduced was voluminous,
or that the substance of the witnesses' testimony could
not be reproduced, which is often done, as we know
from common knowledge and experience.

(c)  We are favorably impressed with the sug-
gestion of counsel for respondent that their client
should not be penalized by another trial, and its un-
certainty, through the negligence or carelessness of
counsel for defendants, or the misconduct of the circuit
clerk in permitting the records of his office to be re-
moved therefrom by counsel and retained by them for
years, without inquiring as to their safety or where-
abouts.

(d)  We are favorably impressed with the sug-
gestion of counsel for respondent that it would be
highly unjust to his client, at this late date, to be re-
quired to stand another trial, after some of his wit-
nesses are dead and the others scattered to the four
quarters of the country.

(e)  Nearly four years have elapsed since the
judgment in this case was rendered and more than
three since the bill of exceptions was lost or destroy-
ed, but the fact was not discovered by appellant until
last month.  Why this delay?  Can such conduct be
excused?  We think not.  If counsel had paid not
ordinary, but the slightest, attention to this case, he
long ago would have discovered that the bill of ex-
ceptions had been lost or destroyed, and would have

been in a much better position to have substituted the bill, than he is now, since the witnesses are scattered or dead.

This negligence of the appellant should not be visited upon the respondent, who is no wise blamable for the loss or destruction of the bill. A reversal of this judgment under the circumstances would not restore the parties to their *statu quo*. The respondent would not have the testimony of all the witnesses he had at the last trial. Such a reversal would reward the negligence of the appellant, and penalize the innocence of the respondent.

View this motion as you may, there is no merit in it.

We have not considered the question as to whether or not, under the facts of this case, this court has the legal authority to sustain the motion, but have placed our ruling solely upon the fact that there is no merit in it.

We are, therefore, of the opinion that the motion should be denied, and it is so ordered. But appellant has leave to renew application. All concur.