JOHN R. LONGMIRE, RESPONDENT, v. DIAGRAPH-BRADLEY STENCIL MACHINE CORPORATION, APPELLANT.—173 S. W. (2d) 641.

St. Louis Court of Appeals. Opinion filed June 25, 1943.

554

*Wayne Ely* for appellant (movant).

*R. Walston Chubb* for respondent, in opposition to motion.

556

557

HUGHES, P. J.—Appellant has filed a motion to reverse and remand this cause, wherein it is alleged that the cause was tried in the circuit court on October 26th and 27th, 1942, resulting in a verdict and judgment for the plaintiff (respondent); that on October 29, 1942, defendant (appellant) filed its motion for a new trial, which motion was overruled on February 1, 1943, and on March 23, 1943, the defendant filed its affidavit for appeal, which appeal was duly allowed to this court. That the official court reporter, who had taken down in shorthand all of the proceedings and testimony given in the trial, died on February 13, 1943, and others are unable to read the shorthand notes. The motion then sets out at length the assignments of error which were contained in the motion for new trial, and prays that this court reverse the judgment and remand the cause.

That appellant is seriously inconvenienced and hampered in the perfection and presentation of its appeal, by reason of the death of the court reporter, cannot be gainsaid by anyone familiar with appellate procedure. On the other hand, the respondent, who is in no manner responsible for appellant's unfortunate situation, would, by a reversal and remanding of the case, be greatly wronged, in that he would lose a judgment in his favor in the face of the fact that every inference and presumption is that it is a valid judgment.

At common law the losing party had no right of appeal, and his only remedy was by an equitable action if the judgment was the result of fraud, accident or mistake. Under our statutes every losing party does have the right to appeal, and to have his case reviewed as to the law by an appellate court, such losing party having saved and preserved exceptions to adverse rulings of the trial court in the manner provided by statute (Section 1174 et seq., R. S. 1939), and such appeal is circumscribed by the express mandate that the judgment shall not be reversed unless the appellate court believe that error was committed by the trial court against the appellant, and materially affecting the merits of the action. [Section 1228, R. S. 1939.] And the burden is on the complaining party to show that the error was prejudicial. [Balderson v. Monaghan (Mo. App.), 278 S. W. 783; Owl Drug Co. v. Frank C. Whalen Advertising Co. (Mo. App.), 156 S. W. (2d) 777; Martin v. Bulgin (Mo. App.), 111 S. W. (2d) 963.]

In the early days before the use of stenography or shorthand came into existence a bill of exceptions was prepared by the appellant from memorandum or notes made during the course of the trial and from the recollection of the attorneys and the trial judge. No serious difficulty was encountered in such method of preparing and settling a bill of exceptions. And we can see no reason or excuse why the parties and attorneys in any ordinary case, conversant as they are with the facts and points presented during the trial, could not put in writing in narrative form every important fact, objection and ruling of the court, and sufficiently complete to enable the appellate court to review the proceedings and alleged errors in an intelligent manner. If the procedure were as appellant contends and seeks by this motion, it would mean that the validity of every judgment would depend not only upon the health, life, accuracy and ability of the court reporter but upon his honesty as well, or his stenographic notes might be stolen or purposely destroyed by some designing person, and the validity of the judgment thereby destroyed.

The questions here presented, or similar questions, have been before the Supreme Court on at least three occasions, and as we read the cases that court definitely pointed out the proper procedure. [State v. McCarver, 113 Mo. 602, 20 S. W. 1058; State v. Thompson, 130 Mo. 438, 32 S. W. 975; Graves v. Chapman, 241 Mo. 650, 145 S. W. 464.] Considering these cases in order:

State v. McCarver, 113 Mo. 602, 20 S. W. 1058: This was a criminal case, the charge being murder, and the defendant was convicted and sentenced to twenty-five years imprisonment in the penitentiary. A so-called skeleton bill of exceptions was prepared and filed in the circuit clerk's office, together with the stenographer's transcript of the trial proceedings. The circuit clerk, contrary to his duty, refused to prepare and send to the Supreme Court a full transcript unless his fee therefor was advanced. The time for filing the transcript in the Supreme Court expired, and defendant sued out a writ of error. The return to the writ of error failed to include the stenographer's transcript, and a writ of *certiorari* was issued and the clerk ordered to send to the Supreme Court that transcript, whereupon it was ascertained that the transcript had been lost or destroyed. The stenographer's shorthand notes had been lost or destroyed, and consequently another transcript could not be procured. The Supreme Court reversed and remanded the case, but with these significant words:

"In any ordinary case we should have great hesitancy in reversing a judgment on account of such a defect in the record as is here presented; but being fully satisfied that the defendant is entirely without negligence or blame in the matter and has made honest efforts to remedy a defect which unremedied would cause our affirmance of the judgment, without giving him an opportunity to be heard on the

merits, we feel constrained, in order that right and justice may be done, and a grevious wrong perhaps averted, to reverse the judgment and remand the cause.''

Thus in the McCarver case the motion to reverse and remand was sustained, but with the qualifying statement that in any ordinary case the court should have great hesitancy in reversing the judgment. That case cannot be accepted as enunciating a rule of procedure. It was a criminal case wherein the judgment was taking from the defendant his liberty for twenty-five years. The defendant had done everything that the law required him to do in order to have his case reviewed, and the entire fault lay at the hands of the circuit clerk, and the time had passed when another bill of exceptions could be settled and filed. And, as indicated by the opinion, because of the enormous injustice that might be visited upon an innocent man the court went beyond the strict statutory procedure, and in effect said it was doing so. The words of the court indicate that its opinion was not to be taken as establishing a precedent.

In the later case of State v. Thompson, 130 Mo. 438, 32 S. W. 975, the Supreme Court, speaking through the same learned judge who wrote the opinion in the McCarver case, stated the law definitely and without equivocation and denied the right of the court to sustain such a motion. It is seldom in any pending case that we find an authority so clearly in point as to the law and so analogous in the facts as the Thompson case bears to the case before us. The opinion is short and is as follows:

''The evidence has not been preserved in the bill of exceptions, the stenographer having died about a month after the trial without having transcribed his notes, owing to a long illness beginning soon after circuit court adjourned, and continuing down to the time of his death, and no one else can translate the stenographer's notes of the evidence.

''Upon these grounds, and upon the further ground that no other notes of the evidence were taken, either by defendant's or other counsel in the cause, we are moved, on behalf of defendant, to reverse the judgment and remand the cause.

''This we can not do. Notwithstanding the sickness of the stenographer, there was nothing to prevent defendant's counsel to have remembered and written down the substance, at least, of the testimony and have the same inserted in the bill of exceptions, because it is evident the evidence could not have been lengthy, and due diligence required of them when discovering the stenographer was dangerously ill, to have preserved the evidence in some way. This might have been done if their memory failed, by calling on the witnesses who had testified at the trial. [Whitmore v. Coates, 14 Mo. 9.]

''This case does not resemble, in any particular, that of State v. McCarver, 113 Mo. 602.

"As no evidence has been preserved, and there is no error in the record proper, judgment is affirmed."

By careful checking we find that the Thompson case has never been criticized or questioned, and under the authority of that case the pending motion to reverse and remand must be denied.

The other Supreme Court case, Graves v. Chapman, *supra,* arose from the fact that after the bill of exceptions had been prepared and settled it was taken out of the circuit clerks office by an attorney, and while at his office was destroyed by fire. The stenographer's notes had been lost or destroyed. The motion of the appellant to reverse and remand was was denied because of the apparent negligence of appellant in failing to procure a copy of the bill of exceptions, but although the court denied the motion on the ground of negligence of the appellant, it expressly said, "We have not considered the question as to whether or not, under the facts of this case, this court has the legal authority to sustain the motion, but have placed our ruling solely upon the fact that there is no merit in it." Consequently the case of Graves v. Chapman in no manner affected the ruling in the case of State v. Thompson.

This would be a good place to quit and say no more were it not for the fact that several cases involving similar questions have been before the several Courts of Appeals, and some of these cases do not seem to follow and be in accord with the above cases decided by the Supreme Court.

In the case of Stevens v. Chapin, 206 Mo. App. 594, 227 S. W. 874, the Kansas City Court of Appeals denied the motion to reverse and remand, but as was the opinion of the Supreme Court in the case of Graves v. Chapman, its ruling was restricted to and based on appellant's negligence and failure to exercise due diligence, and the court did not consider the question of the respondent's rights or of the legal authority of the court to sustain such a motion.

In the case of Woods v. Bottmos (Mo. App.), 206 S. W. 410, and in the case of Todd v. Security Ins. Co. (Mo. App.), 206 S. W. 412, the same Court of Appeals did sustain a motion to reverse and remand and in each opinion it stated that it was doing so "Under the authority of State v. McCarver." As hereinabove pointed out the case of State v. McCarver was not an authority for such ruling, and was not so considered in the later case of State v. Thompson.

In the case of Larson v. Shockley (Mo. App.), 231 S. W. 1030, the Springfield Court of Appeals denied a motion to reverse and remand, citing and following the case of Stevens v. Chapin, *supra,* and without any consideration of the question of the respondent's rights or the legal authority of the court to sustain such a motion.

In the case of Scharff v. Holschbach, 220 Mo. App. 1139, 296 S. W. 469, this court granted a motion and reversed and remanded the case, considering only the question of diligence of the appellant, and

giving no thought or expression to the respondent's rights or the legal authority of the court to sustain such a motion.

In the case of McDowell v. Bimel Ashcraft Mfg. Co. (Mo. App.), 9 S. W. (2d) 643, the Springfield Court of Appeals denied a motion to reverse and remand, and based its ruling on negligence or delay of the appellant, without considering the question of the respondent's rights or the legal authority of the court to sustain such a motion.

In the case of Green v. Kansas City (Mo. App.), 77 S. W. (2d) 652, the Kansas City Court of Appeals granted a motion to reverse and remand basing its judgment on a showing of due diligence on appellant's part and with no consideration of respondent's rights or of the legal authority of the court to sustain such a motion.

It will thus be seen that the Courts of Appeals have not followed and been guided by the opinion of the Supreme Court in the case of State v. Thompson, *supra,* which can only be interpreted as holding that there is no legal authority in an appellate court to reverse and remand a case because of the death of a stenographer who reported the trial, even though no other notes of the evidence were taken or preserved by the attorneys. And the cases of State v. McCarver, *supra,* and Graves v. Chapman, *supra,* inferentially hold to the same effect.

This is not so harsh a ruling as at first appears. We know from actual experience, that a lawyer who has prepared and tried the case, can from memory alone depict in narrative form an accurate statement of the evidence and rulings of the court. In fact to an extent that is exactly what every lawyer must have in mind in preparing a motion for a new trial; he must have in mind every adverse ruling which he deems prejudicial and erroneous, and seldom does he fail to overlook a meritorious point. It is a misfortune that has come to appellant without fault on its part, but it would be most unjust to visit appellant's misfortune upon respondent who is blameless. It was suggested in Stevens v. Chapin, *supra,* that the determination of the question should be upon principles analogous to equitable doctrines rather than the strict rules of law. We do not think so. Ordinarily the rule is to the contrary, that equitable interposition cannot be invoked in aid of a motion to vacate a judgment; a petition in equity being necessary for that purpose. [Davis v. Robinson, 126 Mo. App. 293, 102 S. W. 1048.]

However, this court has no original jurisdiction of an equitable action, and even a court which did have original jurisdiction of such an action would certainly want a far greater showing than is contained in the motion before us. It would want to know to what extent appellant's counsel was conversant with the facts; whether he had statements signed or not signed from the various witnesses; what notes or memorandum was kept of the proceedings, not only by appellant's attorney but also by respondent's attorney and by the judge who presided; whether appellant's attorney has attempted

from memory or otherwise to get up a bill of exceptions, and if so why it cannot be done; whether respondent's evidence would be available at another trial; and other matters that must be in the mind of a Chancellor invoking equitable doctrines.

The right of an appeal depends solely upon statute, and the appellant has no rights except such as are given by the statute. And both the Supreme Court and the Courts of Appeals have only such jurisdiction as is specially conferred upon them by the statutes and the constitution; both are limited to the powers named in the constitution, and statutes in accordance therewith, and neither have original jurisdiction in matters of ordinary litigation, hence we as an appellate court would have no authority to apply equitable doctrines to appellant's ability or want of ability to make up a bill of exceptions, where the statutes provide the procedure. We are to review such record as is brought up from the trial court, and not determine what the appellant can or cannot preserve as a part of the record in the trial court. The statutes, Revised Statutes Missouri, 1939, Section 1174 et seq., point out fully how exceptions may be saved and preserved in the record, and how the bill of exceptions may be settled and filed. [See: State ex rel. v. Taylor, 134 Mo. App. 430, 114 S. W. 1029.] If that course is not pursued, or even if perchance circumstances prevail which make it difficult to pursue, the appellate court cannot adopt another and different course and relieve the appellant of the statutory requirements.

The motion to reverse and remand is denied. The appeal is returnable to the October Term, 1943, of the court, hence no further orders are made at this time. *McCullen* and *Anderson, JJ.*, concur.