**LAWTON–BYRNE–BRUNER INSURANCE AGENCY COMPANY, Plaintiff-Respondent,**

v.

**AIR–FLIGHT CAB COMPANY, Inc., and AAA County Cab Company, Inc., Defendants-Appellants.**

**No. 34060.**

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Maniscalco, Clancy, Pittman & Bagot, Peter J. Maniscalco, Clayton, for defendants-appellants.

Jack F. Allen, Clayton, for plaintiff-respondent.

WEIER, Judge.

This is an appeal from a decision of the Circuit Court granting plaintiff-respondent's Motion to Set Aside A Judgment for Irregularity and For A New Trial.

The progress of this case is long and arduous, and the pertinent facts revolve around specific dates and procedures rather than a substantive pattern of activity relating to the merits of the action itself. After trial to the court, judgment was rendered in favor of the defendants on April 27, 1966. On May 11, 1966, the plaintiff filed a motion for a new trial. The motion was overruled on June 1, 1966, and on June 10, 1966, plaintiff filed a notice of appeal to this court. Various extensions of time were granted for plaintiff to file a transcript.

Sometime in January of 1967, plaintiff learned from the court reporter that his stenotype machine had malfunctioned during the course of the trial, and, as a result, his stenographic notes were illegible and could not be transcribed. Whereupon, on January 30, 1967, plaintiff filed in the circuit court a motion to set aside the judgment for irregularity and for a new trial. This motion was argued and submitted on February 24, 1967. Meanwhile, plaintiff continued to request and receive extensions of time from this court in which to file his transcript on appeal from the original judgment. However, on July 18, 1968, we struck the last such stipulation to extend the time and ordered the appeal perfected within sixty days. When this was not done, on September 27, 1968, we dismissed the appeal.

Then, on November 16, 1970, almost three years after plaintiff's motion to set aside the judgment was argued and submitted, the circuit court sustained this motion and ordered a new trial. On November 23, 1970, defendants filed a notice of

appeal from the order of November 16, 1970.

This case is unique, in that it comes to us after litigant (here the plaintiff) having had judgment rendered against it, was successful in having the trial court set the judgment aside because of failure to record the testimony and proceedings of a trial so that the transcript might be prepared. In those cases cited by counsel and those which we have found in our research, the problem has normally been presented on appeal by the appellant, where, after death of the reporter, because of destruction of notes or some other reason, a transcript has not been filed in the appellate court. Under these circumstances, appellants have met with varying fates. But generally the decisions in this state indicate that where the appellate court found that a party had exercised due diligence in attempting to procure the transcript, and had been guilty of no laches or negligence in his efforts to procure one, and furthermore, established prejudice by his inability to obtain one, the case frequently was remanded for a new trial. If the appellant had failed in any of the above requirements, his request was denied. State v. McCarver, 113 Mo. 602, 20 S.W. 1058; State v. Thompson, 130 Mo. 438, 32 S.W. 975; Stevens v. Chapin, 206 Mo.App. 594, 227 S.W. 874; Scharff v. Holschbach, 220 Mo.App. 1139, 296 S.W. 469; McDowell v. Bimel Ashcraft Mfg. Co., Mo. App., 9 S.W.2d 643; Green v. Kansas City, Mo., Mo.App., 77 S.W.2d 652; Longmire v. Diagraph-Bradley Stencil Machine Corporation, 237 Mo.App. 553, 173 S.W.2d 641; In re Village of Lone Jack, Mo., 419 S.W.2d 87; Pulem v. George, Mo.App., 433 S.W.2d 83. This problem was not presented to us on appeal and, as previously noted, we dismissed the appeal because a transcript was not filed.

■ The issues here presented must be resolved about the exercise of the lower court's power to set aside the judgment under the authority of Rule 74.32, V.A.M.R. (superseding Section 511.250, RSMo 1969, V.A.M.S.). The rule provides: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." In the interpretation of this rule, our courts have held that the "irregularity" for which a judgment may be set aside on motion made within three years after rendition of the judgment is want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit or in doing it at an unreasonable time, or in an improper manner. Such irregularity must appear on the face of the record and must not depend on proof dehors the record. McDaniel v. Lovelace, Mo., 439 S.W.2d 906, 910 [5, 6]. A motion to set aside a judgment may also present to the court at the same time the issues of a proceeding in the nature of a writ of coram nobis. This proceeding is designed to bring to the attention of the court some unknown fact, not going to the merits of the cause, but relating to the jurisdiction of the court to proceed and to attain a valid result in the cause. It tests validity upon errors of fact dehors the record which go to the right of the court to proceed. Edson v. Fahy, Mo., 330 S.W.2d 854, 858 [1–3]. It is within the framework of these procedural facts and the law concerning the particular proceeding before the court below and now before us, that we meet defendants' contentions of error.

■ Defendants allege error on the part of the lower court in sustaining plaintiff's motion because (1) the irregularity of which plaintiff complained did not alter the issues between the parties and it was mandatory on the court to supply a corrected transcript; (2) the cause was under submission for over three years and nine months prior to the court's ruling and therefore plaintiff was guilty of laches; (3) plaintiff's motion failed to allege any questions of admission of evidence or other trial incidents and ordinary judicial errors

in a judgment reached in accordance with established rules of procedure. We find no merit in any of these contentions.

■ To support their first point, defendants cite Sections 511.260 [13, 14], 511.270, and 512.110, RSMo 1969, V.A.M.S. (Rules 74.30 [13, 14], 74.31 and 82.12, V.A.M.R.). We do not believe that these sections (now rules) are correctly applied to this situation, since none addresses itself to the problem of a complete lack of a transcript on appeal, through no fault of the lower court, the parties or the court reporter. The first two rules, 74.30 [13, 14] and 74.31, are rules of jeofails and amendment. They are generally for the purpose of correcting mistakes or errors in judicial proceedings, such as clerical errors, which may be cured by amendment and which do not affect the jurisdiction of the court. Rule 74.30, subsection 14, specifies that no judgment shall be reversed or impaired for any default or negligence of any officer of the court by which neither party shall have been prejudiced. Rule 82.12 contains the requirements as to contents, filing and approval of transcripts on appeal. There is nothing in these rules that provides for a situation similar to that in the case at bar where there is no transcript. Obviously, the parties might agree on a narrative statement of the evidence under the rule, but failure to so agree cannot be used against either party to demonstrate that party is not entitled to a transcript.

■ On the contrary, Sections 485.040, 485.050 and 485.110, RSMo 1969, V.A.M.S., contemplate that full stenographic notes of the evidence, objections and rulings of the trial court be taken and a transcript thereof prepared and furnished by the official court reporter to any person. In a court-tried case, such as the one before us, we review the case as to both the law and the evidence. And as to the evidence, the question of its sufficiency to support

the judgment may be raised on an appeal, whether or not the question was raised in the trial court. Rule 73.01(d), V.A. M.R.; Russell v. Russell, Mo., 427 S.W.2d 471, 475 [1]. We cannot say that it was unnecessary for plaintiff to have a transcript on appeal when it was for that very reason we dismissed the appeal and denied plaintiff the right of appeal granted under Section 512.020, RSMo 1969, V.A.M.S. Obviously, to have a review de novo of plaintiff's case in which the appellate court has full authority to make its own findings of fact on the evidence that was or should have been considered by the trial court, the appellate court must have before it all the evidence submitted to the court below.[1] Rule 73.01(d).

To say, as did the defendants, that the irregularity of which plaintiff complained did not alter the issues, may be true, but we cannot review the case de novo without the transcript. The further contention that it was mandatory on the court to supply a corrected transcript is in a sense an admission on appeal that is self-destructive. A court cannot correct a transcript that never existed.

■ We now turn to the charge of laches. The case was pending for over three years, but the only part of this case wherein plaintiff could be charged with laches is in the filing of the motion to set aside the judgment for irregularity. As stated before, plaintiff filed its motion within thirty days after receiving information from the reporter that his machine had not properly recorded notes of the testimony. The filing date, January 30, 1967, was well within three years, the time allowed by rule to file the motion to set aside the judgment entered April 27, 1966. The fact that the motion was not decided within the three-year period is not chargeable to plaintiff. Plaintiff had no further control of the motion's disposition after it was submitted and cannot now be said to be

1. The appellate court, in addition, may order the taking of rejected evidence by deposition or reference. Rule 73.01(d).

guilty of laches for failure of the court to act on the motion. Plaintiff had no choice but to wait for the court's ruling.

■ Defendants' third contention must also be denied. To say that plaintiff's motion to set aside the judgment must fail because it did not set out any questions concerning admission of trial evidence or other trial incidents and judicial errors committed in the trial, ignores the rule that a court-tried case is not determined on appeal on allegations of error as in a jury-tried case. Rather, as previously stated in Russell v. Russell, supra, 427 S.W.2d 471, l. c. 475: "The issue on appeal in a court tried case is the propriety of the court's decision on the whole record." The irregularity here before us and complained of by plaintiff goes to the very existence of the record itself.

We, therefore, affirm the ruling of the court sustaining plaintiff's motion to set aside the judgment, and, coupled with that, the motion for new trial. Obviously, without a judgment, the matter is still pending, awaiting disposition by a new trial.

PER CURIAM:

The foregoing opinion by WEIER, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of the Court. Accordingly, the ruling of the lower court sustaining plaintiff's motion to set aside the judgment and for new trial is affirmed.

BRADY, C. J., DOWD, J., and ROBERT LEE CAMPBELL, Special Judge, concur.