HAROLD SCHARFF AND ARTHUR A. SCHARFF, CO-PARTNERS, DOING BUSI-NESS AS COLUMBIA ELECTRIC COMPANY, APPELLANTS, V. ADELINE J. HOLSCHBACH, AUGUST HOLSCHBACH, DR. J. P. HOLSCHBACH, JOSEPH D. KIRBY, D. J. SNIDER, WILLIAM HAASE AND ERWIN J. THIELECKE, RESPONDENTS.*

, St. Louis Court of Appeals. Opinion filed June 21, 1927..

**Appellate Practice—Appeals—Stenographer's Notes—Lost or Destroyed— Appellant Without Fault—Reversed and Remanded for New Trial.** Where appellants were unable to perfect their appeal because of the loss or destruction of the notes of the court stenographer, and there was nothing to indicate the slightest negligence on the part of appellants or their counsel, though making a diligent effort to perfect the appeal without the stenographer's notes, **held,** under the circumstances, the judgment should be reversed and the cause remanded for a new trial.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 175, n. 3.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Claude O. Pearcy, Judge.

REVERSED AND REMANDED.

*Seneca C. Taylor* for appellant.

*Jeffries, Simpson & Plummer* for respondents.

(1) Strict compliance with statutes is necessary to confer jurisdiction on appellate courts. Arkansas, etc., Ry. Co. v. Powell, 104 Mo. App. 362-367; Millar v. Transit Co., 216 Mo. 99. (2) The Court of Appeals is without jurisdiction to reverse a cause unless it believe that error was committed by the trial court. Sec. 1513,

R. S. 1919; Riney v. Valandingham, 9 Mo. 816; Fahey v. Gordon, 133 Mo. 415; Mead v. Matson, 9 Mo. 782; Beckley v. Skroh, 19 Mo. App. 75; Goode v. Crow, 51 Mo. 212; Vaughan v. Ry. Co., 34 Mo. App. 141; Hendrickson v. Ry. Co., 34 Mo. 188. (3) Appellants, failing to show that the overruling of their motion for new trial was excepted to, cannot complain of the alleged errors specified in their motion for new trial Seranno v. St. Louis Railroad Co., 150 Mo. App. 607; Smith v. Safety Fund Ins. Soc., 101 Mo. App. 696; Sicher v. Rambousek, 193 Mo. 113; Hope v. Hanley, 245 Mo. 352; Owens v. Mathews, 226 Mo. 77; Reynolds v. Railway Co., 146 Mo. 126. (4) In the trial of a law case before the court without a jury, where neither findings of fact nor declarations of law were requested or made, the appellate court will not review the evidence. Rausch v. Michel, 192 Mo. 293; Jordan v. Davis, 172 Mo. 599; Greene v. Whaley, 271 Mo. 636. (5) The mere fact that the stenographer's notes covering part of the testimony are lost, does not show inability to present bill of exceptions. Appellants must show an attempt to prepare bill of exceptions, their freedom from negligence, and must further show that prejudicial error would appear in the lost transcript. State v. Thompson, 130 Mo. 438; Stevens v. Chopin, 206 Mo. App. 594; Larsen v. Shockley, 231 S. W. 1030; Porth v. Gilbert, 85 Mo. 125; Whitmore v. Coates, 14 Mo. 9.

NIPPER, J.—Plaintiffs brought suit in the Circuit Court of the City of St. Louis, to recover the sum of $428.49, on account of supplies furnished to defendants, as well as work done on property belonging to them. Plaintiffs sought a mechanic's lien against defendant's property. The case was tried before the court without the aid of a jury, and there was a verdict and judgment for defendants.

The trial of the case was held on the eighth, ninth and tenth of December, 1924. The trial lasted three days, and eleven witnesses testified in the case. On February 20, 1925, judgment was rendered as aforesaid. Within the time required by statute, plaintiffs filed their motion for a new trial, and, also, motion in arrest of judgment. On June 29, 1925, these motions were overruled and afterwards, during the same term of court, plaintiffs filed their affidavit for appeal. The appeal was allowed and an appeal bond given. Plaintiffs paid the docket and transcript fee.

On February 3, 1926, the transcript was filed in this court. The cause was continued once in this court. At the March term, 1927, of this court, plaintiffs, who are appellants here, filed their motion to reverse the judgment and remand the cause for a new trial. The grounds of this motion are that the court stenographers who took down the evidence, exhibits, observations, rulings and exceptions, have lost or destroyed their note books containing their short hand notes

of a greater portion of the evidence, etc., and that appellants are unable to prepare and file their abstracts and briefs in conformity with the rules of this court.

It appears, from affidavits filed, that there were two stenographers engaged in taking this testimony, but one, F. W. Huff, took the greater portion thereof. It also appears that there was no negligence on the part of either appellants or their counsel. Request was made for the transcript of the testimony, and counsel for plaintiff offered to pay for same as soon as it was written up, or, pay for it in advance if the stenographer so desired. Counsel for appellants made at least fifty requests to see if the note books could not be found and the transcript of the testimony gotten up, but the stenographers were unable to find the note books containing the testimony. Immediately after the motion for new trial was overruled, counsel for plaintiffs whom we have also referred to as appellants, requested the stenographer taking this testimony to proceed with writing it up and making a transcript of the evidence, exhibits, etc. In fact, it appears that everything that could be done by counsel for plaintiffs, in order to perfect this appeal and procure the testimony, has been done. From the affidavit of counsel for plaintiffs, it appears that he undertook to prepare a bill of exceptions, but found it impossible to do so as he didn't know the names of defendant's witnesses, or what they had testified to.

Counsel for defendants who were the winning parties in the court below, could not furnish any of the testimony, and states that he could not undertake to give a correct transcript of the testimony at this time.

The sole question before us, is whether or not this court should, under the circumstances, reverse and remand this case for a new trial. There is no statute providing for a new trial because a stenographer's notes are destroyed. The question of whether or not a cause should be remanded on a ground of this kind depends upon the circumstances of the particular case, and is a matter largely within the sound discretion of this court, and such questions should be dealt with upon equitable principles. It would appear that where an appellant is free from fault or negligence, and has exercised due diligence in the matter, that relief should be granted. In the case of Larson et al. v. Shockley et al., 213 S. W. 1030, the Springfield Court of Appeals refused to reverse and remand the cause for a new trial on account of the stenographer's notes being lost. It was there held, however, that appellants had not been diligent and were not free from fault. Among other things, it was said that there was nothing to show that any effort had been made to prepare a bill of exceptions without the stenographer's notes. In the instant case, counsel for defendants admits that he could not have prepared a bill of

exceptions without the stenographer's notes. It also appears that the record in this case would be a voluminous one. There is nothing to indicate the slightest negligence on the part of plaintiffs or their counsel, and under the circumstances, we are inclined to the view that this judgment should in fairness be reversed and the cause remanded.

In the case of Woods et al. v. Bottmos et al., 206 S. W. 410, the Kansas City Court of Appeals reversed a case where the stenographer's notes were destroyed by fire. It was there held that the motion to remand should be sustained because the record was a voluminous one and the parties seeking to uphold the motion were entirely free from fault. To the same effect is the case of Todd v. Security Ins. Co. (Mo. App.), 206 S. W. 412. The motion of plaintiffs is sustained, and the judgment is reversed and the cause remanded for a new trial. *Daues, P. J.*, and *Becker, J.*, concur.