Patrick Lee MOONEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 53717.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Richard D. Mills, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., William L. Culver, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

On October 12, 1961, on the advice of counsel Patrick Lee Mooney entered a plea of guilty to three separate charges of robbery first degree by means of a dangerous and deadly weapon, and was sentenced to ten years in the Department of Corrections on each charge, all to be served concurrently. Six years later appellant filed a motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to vacate the sentences, and alleged as grounds therefor that he was "illegally arrested" and that he was "denied counsel at arrest." Numerous cases and statutory and constitutional provisions were cited in the motion, many of which had no relation to the asserted issues. There was no specific allegation in the motion as a

basis for vacating the sentences that the pleas of guilty were not voluntarily and understandingly made. However, at the hearing on the motion the evidence offered by appellant was directed to that contention. The court ruled adversely to appellant's contention and he has appealed. The only point in his brief to this court is that the denial of his motion "constituted an abuse of discretion in view of record that failed to reveal that the court determined that the plea was made voluntarily which caused said defendant to waive his constitutional right to trial by jury thereby prejudicing the defendant." We shall, as did the trial court, treat the motion as presenting the issue of whether pursuant to Supreme Court Rule 27.25, V.A.M.R., appellant is now entitled after sentence to withdraw his pleas of guilty and have the judgments of conviction set aside "to correct manifest injustice."

At the hearing on the motion a transcript had been prepared of the proceedings at the time the pleas of guilty were made by defendant and accepted by the court. However, that transcript was not offered in evidence and is not before us. In making some remarks concerning the proceedings at the time the pleas were received, the court read from and commented on that transcript as follows:

"The Court: Mr. Mooney, our transcript of the brief proceedings of October 12th shows that when you were brought into court, I asked counsel for the State if there was any change in the charges, and the record should show that previous to that date the State had filed an amended information in case 1305–J and alleged in that amended information that you had been convicted in the Circuit Court of Crawford County at Steeleville, Missouri, on February 27, 1956, of the offense of burglary in the second degree and had been sentenced by that court to imprisonment in the intermediate reformatory for a term of two years and were imprisoned on May 4, 1956, in that reformatory and were granted a parole

on January 4, 1957, so the State had made the charge of a prior conviction. Incidentally, was that correct that the conviction was in Steeleville in Crawford County?

"The Witness: Yes.

"The Court: And it was in February, 1956?

"The Witness: Yes, sir.

"The Court: And you got a two year sentence for burglary?

"The Witness: Yes, sir.

"The Court: Now, Mr. O'Rourke, answering the Court's question as to whether the charges would be changed said, 'No, the charges remain the same, your Honor, prior conviction and robbery in the first degree by means of a dangerous and deadly weapon.' Now, do you remember Mr. Knoskay then saying, 'Your honor, defendant withdraws his former plea of not guilty and enters a plea of guilty.' Do you remember him saying that?

"The Witness: Yes, sir.

"The Court: Then I spoke to you, the record shows that I said, 'I want to make certain on the record that that is right. Did you authorize Mr. Knoskay to make that statement, and do you now wish to plead guilty to all three of the robberies?' And that you then answered, 'yes.' Do you remember that?

"The Witness: Yes, sir.

"The Court: After that, Mr. O'Rourke told me about the three separate holdups and the amounts taken, then I asked about the prior conviction and he answered that question. I asked if there were any before that and he said no and he gave me his recommendation and then I pronounced sentence."

■ Supreme Court Rule, 25.04, V.A. M.R., provides that "The Court may refuse to accept a plea of guilty, and shall not ac-

cept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." This duty is imposed on the court even though the accused is represented by counsel. State v. Blaylock, Mo., 394 S.W.2d 364. The record before this court does not affirmatively demonstrate that the investigation made by the trial court prior to accepting the pleas of guilty was as broad and as inclusive as contemplated by Rule 25.04. However, a subsequent disclosure that the record made at the time the pleas of guilty were entered does not demonstrate a substantial compliance with Rule 25.04 does not necessarily require, upon application, that the pleas of guilty be set aside. State v. Mountjoy, Mo., 420 S.W.2d 316, 323. A defendant may not, after sentence, by reason of Rule 25.04 withdraw his plea of guilty as a matter of right, State v. Skaggs, Mo., 248 S.W.2d 635, but only in extraordinary circumstances to correct manifest injustice. The burden is on the defendant at the hearing on his motion to demonstrate, notwithstanding the deficiency of the record, that his pleas of guilty were in fact not voluntary or were made without an understanding of the nature of the charges, and for that reason manifest injustice resulted from the trial court accepting the pleas of guilty.

In this case appellant was charged with three separate robberies in the first degree by means of a dangerous weapon, and the information in at least one case also charged the commission of a prior felony. Appellant was represented by appointed counsel who had tried several hundred criminal cases, and had served in the office of public defender for many years. Counsel conferred with appellant several times, and as the result of his investigation and based on his professional judgment he advised appellant to plead guilty rather than go to trial.

At the hearing on the motion appellant advanced two reasons why he considered his pleas to have been involuntary. The first was that he was led to believe by his

counsel that if he stood trial he might receive a life sentence, but if he pleaded guilty he would receive a ten year sentence and would "possibly make parole in two or three years." He stated that he felt that he "was tricked" into pleading guilty because if he "had realized [he] was going to spend six years in that place [he] would never have pleaded guilty." He did not testify that he was not guilty of the offenses charged, but said that he thought that if he "had been effectively defended [he] would have had a trial and quite probably [his] innocence would have been proven in the process." In his testimony appellant admitted that after confinement he had received another sentence for escape, and we can assume that this may have had some bearing on the question of parole.

The second reason advanced by appellant for entering his pleas of guilty was that he was "under duress" because of a codefendant, Bonnie DeJong (or DeLong), whom appellant described as his "common law wife." She was also charged with participating in one of the robberies with defendant. It is not clear in what manner his pleas of guilty would have helped her, but defendant said that he wanted to help her, that he did not want her to serve any prison sentence, and that he had to "look out for her as best [he] could." He also stated that her father had threatened him if he went to California. She received a sentence on a plea of guilty and was paroled, but defendant did not assert that he was told that her sentence would be less or that she would receive a parole if he pleaded guilty.

After a full hearing at which the trial court heard the testimony and had an opportunity to observe the witnesses, it found that appellant entered pleas of guilty to each charge in open court in the presence of and on the advice of able and effective counsel. The court further found that no trickery was used to persuade appellant to plead guilty and that no misrepresentations were made to him. The conclusions and judgment of the court were that there had been no denial or infringement of constitutional rights, and inferentially that the pleas of guilty were voluntarily and understandingly entered. The issue before us is to determine whether these findings are clearly erroneous.

Appellant has presented no evidence from which it could be found that his action in pleading guilty was not made with full understanding of the charges. He admitted he understood the charges, that his counsel advised him that they were serious, and that if he went to trial he ran the risk of receiving a much greater sentence than he was told he would receive if he entered pleas of guilty. He did not deny his guilt of any of the charges or advance any theory of defense. He admits that he wanted to help the girl who was also charged with one of the robberies, but he advances no reason why this resulted in his pleas of guilty not being voluntary. He does not claim any promises were made to him, except that his attorney indicated that he possibly would receive a parole. This, of course was conditioned on his behavior in prison, and he admits that his misconduct in confinement has resulted in an additional sentence.

We necessarily conclude that the trial court was not clearly erroneous in ruling that appellant should not be permitted to withdraw his pleas of guilty.

The judgment is affirmed.

BARRETT, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.