Billy Joe **TYLER**, Respondent,

v.

**STATE** of Missouri, Appellant.

No. 56542.

Supreme Court of Missouri,

Division No. 2.

Feb. 22, 1972.

Daniel J. Sullivan, James W. Herron, St. Louis, for respondent.

John C. Danforth, Atty. Gen., John B. Mitchell, Jr., Jefferson City, for appellant.

STOCKARD, Commissioner.

The State of Missouri has appealed from the order of the Circuit Court of St. Louis City entered on respondent's motion pursuant to Rule 27.26, V.A.M.R., to withdraw four pleas of guilty and to set aside the sentence and judgment in each case.

On March 15, 1965, respondent appeared in the Circuit Court of St. Louis City before the Honorable James F. Nangle, and with his counsel present he entered pleas of guilty to the following offenses: (1) robbery in the first degree by means of a dangerous and deadly weapon; (2) assault with intent to kill Frank Fisher with malice, (3) assault to kill Ronald Hammond with malice; and (4) carrying a concealed weapon. The court assessed punishment at imprisonment for 20 years on each of the first three charges, and imprisonment for two years on the fourth charge, all sentences to run concurrently.

In 1967 respondent filed a motion pursuant to the then provisions of Rule 27.26, V.A.M.R., to vacate the judgment and sentence in each case, and alleged the following grounds for relief: (a) he was coerced into entering the pleas of guilty because the trial judge told him that if he went to trial and was found guilty the court would assess the punishment at 50 years; and (b) his counsel was so unprepared to go to trial that in effect he was without counsel.

The trial court denied the requested relief, and upon appeal this court affirmed. State v. Tyler, Mo., 440 S.W.2d 470. Thereafter, the United States Court of Appeals directed that respondent be granted another evidentiary hearing before a judge other than the one who accepted the pleas of guilty. Tyler v. Swenson, 8 Cir., 427 F.2d 412.

On October 30, 1970, an evidentiary hearing was held before the Honorable Lackland H. Bloom, Judge of the Circuit Court of the City of St. Louis, and on January 15, 1971, the court made its findings of fact and conclusions of law sustaining respondent's motion and directing that the judgment and sentence in each of the four cases be set aside, and that the four cases be reinstated on the docket for trial or other disposition. It is from this order that the State has appealed. We reverse and remand.

We first note that it appears that respondent has served the two-year sentence for carrying a concealed weapon. If so, he is not in confinement under that sentence, and upon remand if it is found that this sentence has been served, the trial court should dismiss the motion filed pursuant to Rule 27.26 insofar as it pertains to the judgment and sentence in that case. State v. Carter, Mo., 399 S.W.2d 74.

The findings of fact and conclusions of law of the trial court, insofar as material, are as follows: "1. The record in Causes 1019–M, 1842–M, 1843–M and 1844–M fails to affirmatively demonstrate that at the time the pleas of guilty were taken in said causes that the Court made a determination that said pleas were made freely and voluntarily; [and] 2. That the record fails to demonstrate in the taking of said pleas of guilty a substantial compliance with the requirements of Rule 25.04 of the Supreme Court of Missouri."

In State v. Mountjoy, 420 S.W.2d 316, 323, V.A.M.S., this court said: "We are of the opinion, however, that a subsequent disclosure that the record does not demonstrate a substantial compliance with Rule 25.04 at the time the plea was accepted does not necessarily require, upon application by defendant, that the plea of guilty be set aside. * * * When seeking to withdraw a plea of guilty after sentence, and thereby have that sentence set aside, the defendant has the burden to prove by a preponderance of the evidence (Rule 27.26(f) the facts alleged in his motion which demonstrate

that manifest injustice resulted from the acceptance of his plea of guilty. Rule 27.25. The issues before the trial court at the hearing on the motion, notwithstanding the failure of the record to show a determination prior to the acceptance of the plea as contemplated by Rule 25.04, are whether defendant's plea of guilty was in fact involuntarily made or whether it was made without an understanding of the nature of the charge. If neither of these circumstances is found to have existed no manifest injustice could have resulted from the acceptance of the plea." See also Mooney v. State, Mo., 433 S.W.2d 542; Drew v. State, Mo., 436 S.W.2d 727; Peterson v. State, Mo., 444 S.W.2d 673; Russell v. State, Mo., 446 S.W.2d 782.

■ Rule 27.26(i), V.A.M.R., provides that the court shall make findings of fact on all issues presented. The ultimate issue in this case is whether appellant voluntarily and understandingly entered the pleas of guilty notwithstanding that the record may not show a full compliance wih Rule 25.04. The findings of fact in the pending case do not purport to resolve that issue.

The order of the trial court is reversed and the cause remanded with directions that the motion be dismissed as to the judgment and sentence pertaining to the charge of carrying a concealed weapon if it is found that the sentence has been served, and that findings of fact and conclusions of law be entered on the issues above referred to and as contemplated by Rule 27.26(i).

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY, J., and FINCH, Alternate Judge concur; DONNELLY, J., not sitting.