**Riley James WILLIAMS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 35851.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 27, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City,

Brendan Ryan, Circuit Atty., James C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

KELLY, Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis denying appellant's Amended Motion under Rule 27.26, V.A.M.R., to correct sentences imposed on him on May 28, 1970, on three charges of burglary in the second degree and stealing, one charge of felonious possession of burglary tools, and one charge of escaping custody before conviction, and allow him 135 days pre-conviction jail time he had accumulated awaiting disposition of the aforesaid charges. After an evidentiary hearing the trial court made findings of fact and conclusions of law and overruled appellant's motion. This appeal followed.

Appellant was charged in the Circuit Court with three charges of burglary in the second degree and stealing in Causes numbered 1650–R, 1651–R and 1739–R; one charge of felonious possession of burglary tools in Cause number 1738–R; and one charge of escaping custody before conviction in Cause number 999–S. On May 28, 1970, appellant entered a plea of guilty to all charges and was sentenced to 42 months on each of the burglary in the second degree and stealing charges, the same term on the felonious possession of burglary tools charge, and two years on the charge of escaping custody before conviction, all sentences to run concurrently. Cumulated jail time was disallowed in each instance. On September 19, 1972, appellant filed his motion under Rule 27.26 and on June 15, 1973, filed his amended motion under Rule 27.26, alleging as grounds therefor that he was arrested on July 23, 1969, was charged with the criminal charges enumerated supra and was detained in the St. Louis Municipal Jail and St. Louis City Workhouse pending disposition of the charges aforesaid, except for a period between October 17, 1969 and March 29, 1970, while he was an escapee from detention. He averred that Mr. David Y. Campbell, an attorney, was appointed to represent him on these charges and that Mr. Campbell and the Assistant Circuit Attorney handling his cases entered into an agreement prior to May 28, 1970, whereby "it was understood" that upon a plea of guilty the appellant would be credited for jail time; that his attorney assured him of this, although this assurance was false or mistaken and was a misrepresentation which constituted a denial of effective assistance of counsel, and that it was in reliance on these representations that he would be credited with his jail time that he entered the pleas for which he was then serving the sentences he sought to have corrected.

The evidentiary hearing was conducted on June 15, 1973, and the trial court's judgment was entered on November 19, 1973. Appellant's counsel, Mr. Campbell, had died on September 23, 1971, almost one year prior to the filing of this motion. Appellant introduced into evidence a letter dated May 25, 1970, wherein Mr. Campbell advised him that he had arrived at a settlement of his five cases for a sentence of 42 months "with credit for jail time." Appellant testified that in entering his pleas he was relying on Mr. Campbell's assurances that jail time would be allowed but admitted, on questioning by the trial court, that Mr. Campbell had told him that the circuit attorney's recommendation was not binding on the court, and that he, Mr. Campbell could not guarantee that the appellant would receive credit for his jail time, because whether he received credit for jail time was up to the discretion of the trial judge. Appellant testified that he understood at the time he entered his pleas of guilty to the then pending charges, that the trial court was not bound by any recommendation that the assistant circuit attorney might make.

The assistant circuit attorney who was assigned the cases and who was present at

the time the pleas were entered by the appellant testified that while he had no independent recollection of the occasion when appellant pleaded guilty and sentence was imposed, there was no notation on his file with respect to a recommendation that jail time be allowed appellant, although his file did show that he had made a recommendation of a sentence of 42 months. He further testified that if he had agreed with appellant's counsel to recommend jail time this would have appeared as a part of the notation on his recommendation in his file.

While the motion was under submission, on September 28, 1973, the sentences for which appellant sought an allowance of jail time expired. In his brief appellant filed as an appendix a letter from the Missouri State Penitentiary to his appointed counsel advising him that appellant completed service of the sentences imposed in the cases we have before us on September 28, 1973, and stating that he was then serving a two year sentence for escape imposed by the Cole County Circuit Court on November 20, 1972. Appellant candidly admits that for that reason this cause may be moot. We agree.

■ The only relief sought by appellant in his motion was an allowance of his jail time. The Missouri cases hold that a defendant's motion under Rule 27.26 is moot if he has been released from custody. State v. Brookshire, 377 S.W.2d 291, 292[2] (Mo. 1964); Bibbs v. State, 476 S.W.2d 590, 591[1] (Mo.1972); Tyler v. State, 476 S.W.2d 611, 612[1] (Mo.1972). We conclude these cases are controlling. In State v. Stodulski, 298 S.W.2d 420, 422[2] (Mo.1957), the court said:

"It is clear, however, that the instant application is not within the provisions of S.C. Rule 27.26 because that rule by its specific language provides that a motion thereunder attacks the sentence under which petitioner is then in custody. Instant petitioner attacks a sentence which he had long since served in full; he is in custody under a sentence pronounced in an independent and long subsequent proceeding. For like reasons, and probably others, we may not treat the application, as it stands, i. e., where it attacks only the prior judgment, as one for a writ of habeas corpus."

Nor are we unmindful of the holding in Carafas v. LaVallee, 391 U.S. 234, 237–240, 88 S.Ct. 1556, 20 L.Ed.2d 554[1] (1968) which stands for the proposition that a petitioner's application for relief under the federal habeas corpus statute is not mooted by virtue of the fact that petitioner's sentence has expired and he has been released from custody. However, the relief sought in Carafas was the vacation of judgment and conviction not, as here, an allowance of jail time only, and for that reason we conclude it does not control here.

■ We have not been requested to consider appellant's motion as a writ of error coram nobis, but even had we been, the findings of the trial court that the evidence failed to establish: 1) that any agreement had been reached between the appellant's attorney and the assistant circuit attorney with regard to jail time, 2) that appellant's attorney, prior to entry of the guilty pleas, had assured the appellant that jail time would be allowed, and 3) that appellant's pleas of guilty were not the result of false or misleading assurances of his counsel that he would be allowed jail time are supported by the evidence. Where there is conflicting evidence it is for the trier of the facts to resolve the conflicts and the credibility of the witnesses is for the trial court. The rule of deference is appropriate here and we defer to the factual findings of the trial court and affirm.

The judgment of the trial court is affirmed.

SMITH, C. J., and G. STEWART, J., concur.