Gregory WATSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37215.

Missouri Court of Appeals,
St. Louis District,
Division Two.

June 8, 1976.

Huck, Kasten & LaBeaume, James W. Huck, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., Charles B.

Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion. He had previously pled guilty to and been sentenced for first degree robbery.

On April 9, 1974 movant pled not guilty to first degree robbery. At that time his attorney from the Public Defender's office withdrew and an attorney from the Legal Aid Society of St. Louis was appointed. On August 7, 1974 the case was called for trial and on August 8 movant withdrew his not guilty plea and entered a guilty plea. At that time the judge fully questioned movant and explained his constitutional rights, the effects of the plea and determined movant's plea was made voluntarily. The court also found movant's admission of acts summarized by the prosecutor constituted the crime charged, accepted the guilty plea and sentenced him to fifteen years' imprisonment.

In his Rule 27.26 motion, movant alleged his guilty plea was invalid because it was induced by deception, he was provided with ineffective assistance of counsel, and he was not "advised by the court of exactly what the state would be required to prove in order to convict." The trial court held a hearing and denied the motion. Movant has appealed.

 Movant's first two points are abstract and hence not reviewable. Rule 84.-04(d). His third point is that his plea was invalid because the trial court did not give him an explanation of every technical element of the crime to which he was pleading guilty. There is no requirement such an explanation be given. *Matthews v. State,* 501 S.W.2d 44[8, 9] (Mo.1973). The guilty plea entered by movant followed the prosecutor's recitation of facts the state would prove during a trial. Movant acknowledged the truth of these facts and added a few extra facts himself. The trial court found that the acts movant admitted to performing constituted the crime to which he had pled guilty. As the court said in

*Jones v. State,* 471 S.W.2d 223[3–5] (Mo. 1971): "We know of no requirement that the courts must explain each technical element of an offense. It is sufficient for defendant to have an understanding of the nature of the charge. In this instance defendant knew the offense with which he was charged, and when the circuit attorney related the facts as to how the killing occurred the defendant stated that they were 'generally correct.'"

 We find the guilty plea entered by movant was made voluntarily, with an understanding of the charge, and with knowledge of his constitutional rights.

Judgment affirmed.

DOWD and STEWART, JJ., concur.