James Anthony **MURRAY**,
Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 39739.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 29, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Lee, O'Hanlon & Brady, Robert J. O'Hanlon, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Ralph A. Dobberstein, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant James A. Murray (hereafter defendant) has appealed denial of his Rule 27.26 motion, held after an evidentiary hearing. The 17-year-old defendant and a co-defendant, Jeffrey Skaggs, were originally indicted for felony-murder arising from a tavern robbery. The state later filed a substitute information charging second-degree murder and defendant pled guilty and was sentenced to 20 years' imprisonment.

The underlying murder charge arose from these facts: The unarmed defendant and Skaggs entered a tavern intending to rob; during the robbery Skaggs shot and killed a customer. Defendant knew Skaggs was armed and intended to use his pistol, and observed the fatal shot.

By his Rule 27.26 motion defendant challenges his conviction, contending the trial court failed to find that when he pled guilty he (1) did not understand the reduced charge and its elements nor (2) the constitutional protections he was waiving, and (3) the guilty plea was procured by improper promises of leniency or threats of harsh sentences.

As said, defendant's first point is that the pre-plea examination failed to show defendant understood the basic elements of second-degree murder. The state contends and the evidence was that defendant's attorney had explained to him the elements of felony-murder and his guilt by virtue of the acts of accomplice Skaggs. When defendant pled guilty he admitted he had entered the tavern with Skaggs for the purpose of robbery, knowing Skaggs was armed.

■■■ The trial court did not err in finding that contrary to defendant's contention, "there is no requirement that the court explain each technical element of an offense." *Abrams v. State*, 521 S.W.2d 177, 179 [1–3] (Mo.App.1975). When defendant admitted facts sufficient to constitute second-degree murder, his admissions barred him from later contending his plea was entered without understanding the technical nature of the charge. *Hayes v. State*, 501 S.W.2d 508[9–10] (Mo.App.1975).

We hold the trial court did not violate Rule 25.04 which permits acceptance of a guilty plea only by first determining that "the plea is made voluntarily with understanding of the nature of the charge." The trial court so found and defendant's first point is denied.

■■■ Defendant's second point is that when he pleaded guilty the trial court did not establish that defendant understood he was entitled to a trial by jury, his right against self-incrimination, presumption of innocence, and proof beyond a reasonable doubt.

The record shows that at the guilty-plea hearing, the trial judge informed defendant there was a jury ready to try him and a jury could sentence him to from a minimum of ten years to an unlimited number of years; if there was a trial witnesses would testify against him; he would have the right to confront these witnesses and his lawyer to cross examine them; and defendant could call any witnesses he wanted to assist in his defense. Defendant said he understood all that. At his hearing, defendant did not testify to the significant fact he was unaware of the other rights on which his motion relies. (*Carter v. State*, 472 S.W.2.2d 370[1] (Mo.1971)). To the contrary, the trial judge found: "An experienced trial attorney [who] represented the defendant at his plea and testified that though he didn't remember specifically going over with defendant questions regarding the defendant's rights to presumption of innocence, trial by jury and unanimous verdict there, confrontation of witnesses, as well as questions regarding the effect of a guilty plea, it was customary for him to do this with his clients."

As held in *Tyler v. State*, 476 S.W.2d 611[2] (Mo.1972), the ultimate issue before us is whether defendant voluntarily and understandingly entered the guilty plea "notwithstanding that the record may not show a full compliance with Rule 25.04." We find he did and deny defendant's second point because he has failed to meet his burden of showing the trial court's ruling on this point was clearly erroneous. Rule 27.26(f) and (j).

■ By defendant's third point he challenges the voluntariness of his guilty plea, contending it was coerced and deprived him of a rational choice. While he was under indictment for first-degree murder the state sought to use defendant as a witness against co-defendant Skaggs, offering, in exchange for his testimony, to reduce the charge to second-degree murder, and to thereafter recommend 20 years if defendant did testify against Skaggs, but to life imprisonment if he did not. The state acknowledges such a plea bargain, of which defendant had full knowledge.

At defendant's arraignment the court meticulously questioned him about his plea, covering nineteen pages of the transcript. Defendant had appeared with his counsel and his mother. From their responses to some of the court's questions the following appeared: Defendant acknowledged the truth of the prosecutor's recitation of the facts of the murder. He and his mother were satisfied with defense counsel's advice. The court was not a party to the plea bargain and not obligated to accept the state's recommendation as to punishment. Defendant knew he would be committed to the penitentiary, with no parole.

Although the state never called on defendant to testify against Skaggs, in accordance with the previous plea bargain, the trial court thereafter sentenced defendant to imprisonment for 20 years.[1]

The essence of defendant's challenge is that by having to make a choice between 20 years and life imprisonment, in order to get the lesser punishment he was forced to waive his privilege against self-incrimination by testifying he and Skaggs were accomplices in the robbery-murder. On any voluntary plea of guilty, a defendant waives the same right—that of self-incrimination.

We do not believe the threat of possibly greater punishment here differs in principle from the ordinary guilty plea based on the give-and-take of plea bargaining. Any such defendant knows his choice lies between what sentence the court will probably impose if he pleads guilty and what sentence a jury may impose if he pleads not guilty. As held in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663–668, 54 L.Ed.2d 604 (1978): "Plea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial. . . . Defendants advised by competent counsel and protected by other procedural safeguards

1. Simultaneously, on the other robbery charges, the court sentenced defendant to two concurrent five-year terms, not challenged here.

are presumptively capable of intelligent choice . . . . Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process. By hypothesis, the plea may have been induced by promises of a recommendation of a lenient sentence or a reduction of charges, and thus by fear of the possibility of a greater penalty upon conviction after a trial. . . . While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'— and permissible—' attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' "

We deny defendant's final point, and conclude he has failed to sustain his burden of showing he is entitled to post-conviction relief. The trial court's judgment was not clearly erroneous.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.