**John Melvin JONES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40215.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 13, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

Application to Transfer Denied
June 19, 1979.

John Melvin Jones, pro se.

Hollander & Vaughan, Toby Hollander, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Richard Thurman, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard Poehling, St. Louis, for respondent.

CRIST, Judge.

On June 7, 1976, movant pled guilty to murder in the second degree and to attempted robbery in the first degree with a dangerous and deadly weapon. He was sentenced to concurrent terms of sixteen and fifteen years, respectively.

He appeals from the denial without a hearing of his Rule 27.26 motion to vacate his convictions. He claims that his guilty pleas were involuntarily made in that:

(a) THE RECORD OF THE GUILTY PLEA FAILS TO DISCLOSE THAT APPELLANT WAS ADVISED OF THE ELEMENTS OF ATTEMPTED ROBBERY IN THE FIRST DEGREE WITH A DANGEROUS AND DEADLY WEAPON OR FELONY MURDER IN THE SECOND DEGREE, AND HIS PLEA OF GUILTY THERETO WAS NOT VOLUNTARILY AND KNOWINGLY MADE

(b) THE PLEAS WERE COERCED AS A RESULT OF IMPROPER JUDICIAL INTERVENTION IN THE PLEA BARGAINING PROCESS

(c) THE FAILURE AND INABILITY OF APPELLANT'S TRIAL COUNSEL (WHO RECEIVED THE CASE ONE WEEK BEFORE THE PLEAS WERE ENTERED) TO ADEQUATELY AND FULLY PREPARE AND INVESTIGATE APPELLANT'S CASE, BUT RATHER ACTED AS A MERE BARGAINING AGENT, RENDERED APPELLANT'S PLEAS OF GUILTY INVOLUNTARILY GIVEN

(d) THE RECORD OF THE GUILTY PLEA FAILS TO DISCLOSE THAT APPELLANT WAS ADVISED OF THE PRIVILEGE AGAINST COMPULSORY SELF–INCRIMINATION GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

The appeal must be denied. Except for point (d) above, which point was not included in his Rule 27.26 motion, movant's allegations are refuted by the record in the trial court. *Perry v. State,* 565 S.W.2d 464 (Mo.App.1978).

■ Was movant apprised of the elements of the crimes in question? He cites *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) re the due process requirement that he know the elements of the crimes to which he pleaded. In his motion he complained that he was not told that "intent" was an essential element of the crimes. The trial court is not required to explain every element of the crime to which one pleads guilty. *Watson v. State,* 538 S.W.2d 69 (Mo.App.1976). It is sufficient that the movant, by his answers to questions, expresses an awareness of the nature and elements of the charge to which he pleads guilty. *Giles v. State,* 562 S.W.2d 106 (Mo.App.1977). The record indicates that movant voluntarily admitted facts in response to questions showing that he understood the charges and that he did in fact commit the offenses. He admitted that he and another went to the victim's home with the intention of robbing her. She was killed by his compatriot when she would not give them the money they had come to get.

The matter of intention was clearly demonstrated. *Murray v. State,* 571 S.W.2d 751 (Mo.App.1978); *Blade v. State,* 558 S.W.2d 352, 355 (Mo.App.1977).

■ Was movant coerced by the trial judge to plead guilty? He says in his 27.26 motion that the trial judge told movant's lawyer that he would get 99 years or life if he chose a jury trial as opposed to a sentence of eighteen years if he pleaded guilty. The record of the guilty-plea hearing shows that movant thought he would receive a sentence of sixteen years upon a guilty plea. The record also shows that the judge told movant's mother, in movant's presence, that if he chose to be tried by a jury "he might walk out of the court room free, but he also might get life in the penitentiary." Further, a trial court's participation in the plea bargaining process does not in itself constitute such coercion as will render a plea involuntary. Defendant admitted that his guilty pleas were his own free and voluntary act and that nobody forced him to enter them. Defendant was told and said he understood that he was entitled to a jury trial and that until the jury found him guilty he was presumed to be innocent. No prejudice was shown to him. See *Toler v. State,* 542 S.W.2d 80 (Mo.App.1976); *Bonner v. State,* 535 S.W.2d 289 (Mo.App.1976).

■ Movant says his lawyer did not adequately and fully prepare and investigate his case. But the record shows otherwise. Movant claims his lawyer needed additional time without showing how this would have benefited his defense. At the guilty-plea hearing the court meticulously established that movant knowingly, understandingly, and voluntarily entered his pleas of guilty. He was fully satisfied with his lawyer's advice. The allegations as to ineffective assistance generally concerned counsel's alleged failure to interview and prepare witnesses and to file pre-trial motions and thus did not attack the voluntariness of the pleas. The issue of effective assistance of counsel is relevant only to the extent it bears on the voluntariness and understanding of the plea. *Haliburton v. State,* 546 S.W.2d 771 (Mo.App.1977).

■ Finally, movant says that he was not apprised of his privilege against compulsory self-incrimination. This complaint was not included in his Rule 27.26 motion. Accordingly, there is nothing for review. *Maggard v. State,* 471 S.W.2d 161 (Mo.1971); *Bonner v. State,* 535 S.W.2d 289, 296 (Mo. App.1976).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.