**Henry Lee JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42041.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

John T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., S. Francis Baldwin, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant appeals from the denial of his motion to vacate or set aside his sentence under Rule 27.26 [1] or to permit him to withdraw his guilty plea under Rule 27:25.[2] The trial court determined that movant's guilty pleas were voluntarily and understandingly made and that his counsel accurately advised him regarding the possible consequences of proceeding to trial, including the effect a prior marijuana conviction could have on the sentence imposed. We affirm.

On December 12, 1977, movant pleaded guilty to four counts of selling heroin. His record indicated a prior felony conviction for burglary and a 1960 conviction for marijuana possession. Movant admits that the plea, on the face of the record,[3] reflects that he understood the nature of the proceedings and acted voluntarily. He had been advised by his counsel that if found guilty he could be sentenced to anywhere from ten years to life imprisonment and that the trial judge was inclined to impose at least a twenty–five year sentence for this type of offense. A plea bargain agreement called for the state to recommend fifteen years on each of the four counts, to be served concurrently. Movant's attorney's request for deferral of formal sentencing so that movant could remain in St. Louis over Christmas was granted.

On January 6, 1978, the date set for formal sentencing, movant objected to the imposition of sentence, claiming that he was not guilty and that he had agreed to plead guilty only because counsel had advised him that he might receive greater punishment if he exercised his right to a trial. The judge refused to permit withdrawal of the guilty pleas, finding that they were voluntarily, intelligently and knowingly entered into and that movant had asserted no proper ground for their withdrawal. The court followed the state's recommendation and sentenced movant to four concurrent fifteen year terms.

In this motion, movant claims that he received ineffective assistance of counsel because of counsel's failure to properly investigate his prior drug–related conviction. As a result, he argues that he was misinformed on the law as it related to his case and, thus, his guilty pleas were not truly voluntary. In the trial court, movant had the burden of proving by a preponderance of the evidence that his plea was entered involuntarily, Rule 27.26(f), and our review of the denial of his motion is limited to whether the trial court's judgment is clearly erroneous. *Sumpter v. State*, 601 S.W.2d 630 (Mo.App.1980); Rule 27.26(j).

Although movant's trial counsel admitted that she had not personally investigated the details of the 1960 marijuana conviction, she stated that she had assumed it was a felony conviction. Thus, she advised movant that he could be sentenced as a second offender, which would mean his sentence would be set by the court at a possible minimum of ten years and a maximum of life imprisonment.[4] Movant's conviction for marijuana possession was, and could only have been, a felony conviction because at that time the statute did not provide that possession of less than a pre-

---

1. All rule references are to Mo.R.Crim.P.

2. In effect at time of trial. Rule 29.07(d) now embodies the former Rule 27.25.

3. In compliance with Rule 25.04 then in effect. Now see Rule 24.02.

4. Section 195.200.1(5), RSMo Supp. 1975, then in effect, provided that if the defendant had a prior felony conviction for a controlled substance offense, the minimum sentence was ten years instead of five years as provided in § 195.200.1(4), RSMo Supp. 1975.

scribed amount was a misdemeanor.[5] Movant was therefore correctly instructed by counsel as to the range of punishment applicable to his circumstances.

▮ There is no cause for setting aside a guilty plea entered pursuant to plea bargaining merely because the defendant feared receiving a harsher sentence if he proceeded to trial. *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Murray v. State*, 571 S.W.2d 751 (Mo.App.1978). Movant received the recommended sentence contemplated by the plea bargaining agreement. The trial court's determination that movant's guilty pleas were voluntarily entered, based upon proper advice of counsel, is not clearly erroneous.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

---

**5.** In 1960 a conviction for marijuana possession, regardless of amount, was punishable by incarceration in a state correctional facility, § 195.200.1(1), RSMo 1959, and was therefore a felony under § 556.020, RSMo 1959, even though the possible range of punishment also included imprisonment in the county jail. *See State v. Kollenborn*, 304 S.W.2d 855 (Mo.1957).