Lloyd KILBERT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 39887.

Missouri Court of Appeals,
Western District.

May 24, 1988.

Craig A. Johnston, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, C.J., and SHANGLER and BERREY, JJ.

PER CURIAM:

Appeal from an order denying appellant's Rule 27.26 motion for post-conviction relief. Appeal dismissed.

On November 25, 1985, appellant pled guilty to possession of a controlled substance on the premises of a correctional institution, in violation of Sec. 217.360.1, RSMo Supp.1982, and appellant was sentenced to two years imprisonment. Appellant's sentence was to be served concurrently with sentences previously imposed for unrelated convictions.

Almost a year and a half later, appellant filed a Rule 27.26 motion in which he claimed he had been denied an allowance of jail time in violation of Sec. 558.031, RSMo 1978. Specifically, appellant sought credit for pre-sentence jail time he had accumulated while serving sentences on three unrelated convictions.

Appellant's Rule 27.26 motion was denied following an evidentiary hearing, and he filed this appeal. After the appeal was fully briefed by both parties, respondent filed a motion to dismiss the appeal, arguing that appellant's claim for relief falls outside of the scope of Rule 27.26, and that the appeal was moot because appellant has already completed the sentence for which he was requesting the credit of jail time. Attached to respondent's motion were certified copies of records from the Missouri Department of Records, which indicated that, on November 24, 1987, appellant completed his sentence for possession of a controlled substance on the premises of a correctional institution.

Appeal dismissed.

■ Appellant argues that the trial court erred in denying his Rule 27.26 motion, claiming that, under Sec. 558.031 RSMo 1978, he should be given credit for pre-sentence jail time he had accumulated while serving sentences on three unrelated convictions. However, he has already completed the sentence he seeks to have corrected, as said sentence expired on November 24, 1987.

■ Consequently, this appeal is moot. Where a Rule 27.26 motion seeks only to correct a sentence by allowing credit for jail time served, and the sentence to be corrected has expired, the motion is moot. *Williams v. State*, 524 S.W.2d 200 (Mo.

App.1975). And, where the sentence sought to be corrected terminates while the denial of the Rule 27.26 motion is on appeal, the appeal is moot. *Howard v. State*, 512 S.W.2d 206 (Mo.App.1974).

Accordingly, the appeal is dismissed.