**STATE of Missouri, Plaintiff–Respondent,**

v.

**Terrence D. OAKES, Defendant–Appellant.**

No. 24839.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 2002.

Terrence Stokes, Pro Se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Asst. Atty. Gen., Jefferson City, for Respondent.

KENNETH W. SHRUM, Judge.

***DISMISSED***

Terrence Oakes ("Appellant") pled guilty to one count of selling a controlled substance, § 195.211, RSMo Cum.Supp. (1991), and was sentenced to ten years imprisonment on September 8, 1992, by the circuit court of Jasper County. On February 27, 2002, Appellant filed a "petition requesting jail/prison time accreditation" in the Jasper County court which denied the "request" on March 4, 2002. Appellant appeals this ruling. The appeal is dismissed.

As the State correctly notes in its response brief, a sentencing court has no jurisdiction to calculate the amount of jail time that should be credited as this is solely a function of the executive branch. *Murphy v. State,* 873 S.W.2d 231, 232[1] (Mo.banc 1994). A court can declare only entitlement to jail time via declaratory judgment or issue extraordinary writs in mandamus or habeas corpus. *Id.; Roy v. Missouri Dept. of Corrections,* 23 S.W.3d 738, 743–44[6] (Mo.App.2000). Unless Appellant's petition here can be construed as a writ petition or one for declaratory judgment, the sentencing court would have no jurisdiction.[1] *See State ex rel. Nixon v. Kelly,* 59 S.W.3d 542, 544 (Mo.App.2001); *Roy,* 23 S.W.3d at 743–44. If the lower court had no jurisdiction to decide the issues, then this court would have no juris-

---

1. Appellant tacitly admits in his brief that he has filed an inappropriate action and has allegedly sought relief in the appropriate venue with the correct cause of action.

diction to hear the appeal.[2] *McDonald v. City of Brentwood,* 66 S.W.3d 46, 49[1] (Mo.App.2001). The petition did not seek declaratory relief, and at best, it can be construed as seeking mandamus relief.

 Construed in such a way, the lower court "denied" the request for relief. When a preliminary writ of mandamus is denied (as opposed to dismissed, or granted and then denied on its merits) the appropriate remedy is not via appeal, but by filing the writ anew in the next highest court. *Wheat v. Missouri Bd. of Probation and Parole,* 932 S.W.2d 835, 838[2] (Mo.App.1996). Because Appellant sought appeal and did not file the writ anew here, this court is without jurisdiction and must dismiss the appeal. *State ex rel. Mid-Missouri Limestone, Inc. v. County of Callaway,* 962 S.W.2d 438, 440[2] (Mo.App. 1998); *Gullic v. City of Fredericktown,* 679 S.W.2d 436, 437 (Mo.App.1984). This appeal does not involve any rare circumstances where conversion of the appeal into a writ is warranted. *See Brown v. State,* 66 S.W.3d 721, 732–33 n. 8 (Mo.banc 2002).

▮ Moreover, even if this court were to exercise its discretion to treat this action as an original proceeding in mandamus, Appellant fully admits in his brief that his release date has passed. Because he has been released from prison, the issue of jail time credit is now moot. *See State v. Peterson,* 518 S.W.2d 1, 4[6] (Mo.1974); *Kilbert v. State,* 750 S.W.2d 710, 711[2] (Mo.App.1988). Appellate courts do not render advisory opinions nor decide nonexistent issues. *Armstrong v. Elmore,* 990 S.W.2d 62, 64[7] (Mo.App.1999). Considering the aforementioned serious procedural and substantive infirmities, the appeal must be dismissed.

Appeal dismissed.

PARRISH, J., and RAHMEYER, C.J., concur.

---

2. Moreover, no final judgment appears in the record. Appellant claims a "docket entry" that is unsigned by the trial judge and fails to mention the term "judgment" is what is being appealed. This is not a final judgment, hence no appeal lies. Rule 74.01(a), Supreme Court Rules (2002); *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852–53 (Mo.banc 1997).